■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD ALVAREZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 12, 1980, convicting him of murder in the second degree (two counts), and robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant was convicted, *inter alia,* of the murder of Andre Guthman during the robbery of Magna Paint Company. The evidence adduced at trial adequately supports the verdict of the jury. We are compelled to reverse the judgment of conviction, however, because serious deficiencies in the trial court's charge to the jury deprived defendant of a fair trial. The court initially erred when it failed to charge the jury that every element of the crimes charged had to be established beyond a reasonable doubt (CPL 70.20; *People v Newman,* 46 NY2d 126; *People v Coleman,* 70 AD2d 600). This error was severely compounded when the court charged as follows: "You don't have to be satisfied beyond a reasonable doubt as to each facet of the case; but on the sum total of the case you must determine beyond a reasonable doubt that this defendant committed the crime or aided and abetted in the commission of the crime." This statement seriously diluted the prosecution's burden of proof by allowing the jury to believe that they could convict defendant based solely on their own generalized conception of the

crimes charged in the indictment. A related error occurred when the court failed to adequately separate out and explain each element of each crime (CPL 300.10; *People v Davila,* 59 AD2d 536). Thus, as an example, the jury was never advised that intent was a necessary element of the crime of robbery. With reference to an intentional murder count, the court advised: "You may infer that a person intends the natural consequences of one's act. That is an inference that is permitted to be drawn." This sparse statement, given almost as an afterthought near the end of the charge, although phrased in permissive terms, failed to adequately explain to the jury that this is a permissive inference which may or may not be drawn after the jury considered all of the evidence and circumstances of the case. No further definition of intent was provided to the jury. This aspect of the charge also inadequately explained the essential legal principles to the jury (*Sandstrom v Montana,* 442 US 510; *People v Getch,* 50 NY2d 456). Finally, the court charged the jury on the presumption of innocence in the following language: "The burden of proof is on the People throughout this entire case, because when this indictment was filed the defendant came into this courtroom, the indictment was read to you, and the defendant was asked how he pleaded. The indictment was either read to him or he waived the reading. And in any event, he said, not guilty. *And from that moment,* ladies and gentlemen, *until this very moment,* the defendant is presumed to be not guilty, because the law provides that the defendant in every criminal case is presumed to be innocent. However, the law does not say, ladies and gentlemen, that the defendant is innocent. He is presumed to be innocent. And that is a presumption which may be rebutted and has to be rebutted by the People before you return a verdict of guilty. If the People have failed to sustain their burden, which is proof beyond a reasonable doubt, that the presumption has been overcome, then your verdict must be not guilty. Do you understand what the presumption of innocence is? It is a presumption which may be rebutted. The law does not say he is innocent. He is presumed to be innocent" (emphasis supplied). In light of the confusing reference to "until this very moment" and the unwarranted emphasis on the rebuttable nature of the presumption, this portion of the charge was also unacceptable (see *People v Bussey,* 62 AD2d 200). Accordingly, the judgment is reversed and new trial is ordered. Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.