■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN FRANCIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 12, 1981, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Although the trial court's charge to the jury was not perfect, we find that the instructions, in their entirety, did not deprive defendant of a fair trial. The court did not expressly instruct the jury that the People's burden, to prove the defendant's guilt beyond a reasonable doubt, attached to each and every element of the crimes charged. The significance of reasonable doubt was adequately explained, however, and the jury was instructed to apply that standard to the presumption of innocence and to the element of intent. At other points in the charge and, in its conclusion, the court stated that the jury must decide whether the prosecution had proven defendant's guilt beyond a reasonable doubt. We find that the charge, in its entirety, sufficiently conveyed the appropriate burden of proof to the jury (see *People v Robinson,* 36 NY2d 224). Contrary to defendant's assertion the charge *sub judice* is distinguishable from the charge held deficient in *People v Alvarez* (96 AD2d 864). There, we found

that the court's instructions "seriously diluted the prosecution's burden of proof by allowing the jury to believe that they could convict defendant based solely on their own generalized conception of the crimes charged in the indictment" (*People v Alvarez, supra,* pp 864-865). The *Alvarez* court's failure to charge that each and every element of the crimes had to be established beyond a reasonable doubt was severely compounded by its statement that the jury did not " 'have to be satisfied beyond a reasonable doubt as to each facet of the case' ", and by its failure to adequately separate out and explain each element of each crime charged (*People v Alvarez, supra,* p 864). In contrast, the instructions at bar delineated the elements of the crimes charged and sufficiently explained the application of the burden of proof to those elements. Defendant's other claims of error have not been preserved for review and do not warrant reversal in the interest of justice (CPL 470.05, subd 2; 470.15, subd 6). Accordingly, the judgment is affirmed. Mollen, P. J., Weinstein, Rubin and Boyers, JJ., concur.