■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CROSBY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 10, 1981, convicting him of murder in the second degree (three counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment modified, on the facts, by reversing the conviction of murder in the second degree premised upon intentional murder, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, judgment affirmed.

The People failed to prove defendant's guilt of intentional murder (see, Penal Law § 125.25 [1]) beyond a reasonable doubt. Although the People adduced legally sufficient evidence, the quantity and quality of that evidence was such that we are left with grave doubts as to defendant's guilt of that crime. We therefore exercise our power to review the facts and modify the judgment accordingly (see, CPL 470.15 [5]). Defendant does not challenge the sufficiency of the evidence as to the remaining counts, which include two counts of felony murder (Penal Law § 125.25 [3]).

We find that the judgment of conviction as to those counts is, in any event, supported by the evidence.

Defendant claims that a new trial is warranted because of

various errors committed by the trial court. Defendant's first contention in this regard is that the court erred in allowing an expert in serology to testify that the blood of the victim was of a type which occurs in .4% of the population at large, and that that blood type was consistent with a blood sample taken from thermal underwear worn by defendant at the time of his arrest. Defendant contends that the procedure employed by the serologist to make the foregoing determinations, a technique known as electrophoresis, is neither reliable nor generally accepted in the scientific community (see generally, Frye v United States, 293 F 1013; People v Middleton, 54 NY2d 42). We disagree. The court correctly ordered that a hearing be held as to the reliability of the electrophoresis technique. At the hearing, the prosecution's expert testified in detail concerning the methodology of this procedure, and stated that, among the professionals in the particular field, the technique had obtained general acceptance. This testimony was not contradicted.

We note that the reliability of electrophoresis has been recognized by at least one nisi prius court in this State (see, People v Borcsok, 114 Misc 2d 810) as well as by appellate courts in several other jurisdictions (e.g., State v Washington, 229 Kan 47, 622 P2d 986; Smith v State, 62 Md App 627, 490 A2d 1307; State v Rolls, 389 A2d 824 [Me]; State v Chavez, 100 NM 730, 676 P2d 257; Graham v State, 168 Ga App 23, 308 SE2d 413).

Defendant also argues that a new trial is warranted because of error in the court's charge to the jury. We disagree with this contention as well. Although in many ways it could have been better phrased, the charge, as a whole, conveyed the appropriate burden of proof (see, People v Robinson, 36 NY2d 224; People v Francis, 99 AD2d 841). We have reviewed defendant's remaining contentions and find them to be without merit. Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.