■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERWIN CANADY, Appellant.—Judgment, Supreme Court, Bronx County (Bernard J. Fried, J.), rendered December 17, 1986, convicting defendant after jury trial of two counts of murder in the second degree and one count of robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life imprisonment on the murder counts and twelve and a half to twenty-five years on the robbery count, unanimously affirmed.

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered June 13, 1990, denying defendant's motion to vacate his judgment of conviction on constitutional grounds, unanimously affirmed.

The unsworn testimony of the victim's 4-year old daughter was properly admitted under appropriate precautionary in-

structions to the jury. Defendant was not denied his constitutional right of confrontation by reason of the fact that he encountered difficulties in cross-examining this witness. If anything, cross-examination was voluntarily terminated after the witness had given several answers contradictory to her earlier, damaging testimony.

The motion to vacate judgment was grounded on an attack against the method of serological analysis employed by the New York City Medical Examiner's Office, called electrophoresis. While an attack on techniques related to that procedure has recently been sustained *(cf., People v Seda,* 139 Misc 2d 834), the methodology and its reliability have met with general acceptance and approval in our courts and elsewhere *(People v Crosby,* 116 AD2d 731, 732, *lv denied* 67 NY2d 941; *People v Borcsok,* 114 Misc 2d 810; *see also, People v McCain,* 134 AD2d 287, 288), and we find no abuse of discretion. Concur—Rosenberger, J. P., Wallach, Kupferman, Kassal and Smith, JJ.