■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS OAKLEY, Appellant. [617 NYS2d 849] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered May 3, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

For the reasons stated in *People v Dames* (208 AD2d 857 [decided herewith]), the improper bolstering of the undercover's identification testimony was harmless *(see, People v Crimmins,* 36 NY2d 230, 242).

In addition, we agree with the defendant that the trial court erred in allowing the admission of evidence concerning his prior arrest and conviction for possession of a controlled substance, as well as the fact that he wore a large amount of jewelry at the time of that arrest. Indeed, evidence of the defendant's prior criminal acts was unnecessary to prove his intent to sell the subject narcotics *(see, People v Alvino,* 71 NY2d 233, 242). However, given the court's limiting instructions, which mitigated the prejudice to the defendant, and the body of unimpeached evidence overwhelmingly establishing his guilt of the crimes charged, there is no significant probability that he would have been acquitted were it not for the errors which occurred *(see, People v Crimmins, supra).*

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit *(see,* CPL 270.20 [1] [b]; *People v Lee,* 193 AD2d 759, 760; *People v Francis,* 99 AD2d 841; *People v Suitte,* 90 AD2d 80). Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.