■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY ELDRIDGE, Appellant. [637 NYS2d 839] —Judgment unani-

mously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: County Court did not abuse its discretion in refusing to reopen defendant's case after the jury had begun deliberations. Defendant failed to establish that the proffered testimony concerned an essential element that was overlooked or that newly discovered evidence warranted reopening the proof *(see, People v Olsen,* 34 NY2d 349; *People v Sumpter,* 199 AD2d 1042, *lv denied* 83 NY2d 859).

Defense counsel's failure to move for an adjournment to locate tardy witnesses cannot be attributed to the court's statement that the trial would proceed if the witnesses failed to appear; defense counsel had a duty to place an objection on the record. Those omissions, however, do not constitute ineffective assistance of counsel. Defendant has not shown that he was prejudiced thereby *(cf., People v Daley,* 172 AD2d 619, 620-621), and the record establishes that, on the whole, defendant received effective representation *(see, People v Baldi,* 54 NY2d 137).

Prompt curative instructions eliminated any prejudice occasioned by the testimony of the police witness that he had previously arrested defendant *(see, People v Oakley,* 208 AD2d 866, 867, *lv denied* 84 NY2d 1014).

We exercise our discretion in the interest of justice to reduce the sentence for criminal sale of a controlled substance in the third degree to a term of incarceration of 5 to 10 years. (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.