■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL DAVILA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 23, 1975, convicting him of burglary in

the third degree, petit larceny and possession of burglars tools, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by (1) reversing the conviction of burglary in the third degree and the sentence imposed thereon, and the said count is dismissed and (2) vacating the sentences imposed on the misdemeanor counts. As so modified, judgment affirmed, and case remanded to Criminal Term for resentencing on the misdemeanor counts. The judgment of conviction for burglary in the third degree must be reversed because the prosecutor failed to prove beyond a reasonable doubt that the defendant had entered or remained unlawfully in the premises (see Penal Law, § 140.20; *People v Ennis*, 37 AD2d 573). In addition, the trial court committed reversible error when it failed to give the statutory definition or in any way explain the meaning of the material element of burglary in the third degree, i.e., "enters or remains unlawfully" (Penal Law, § 140.00, subd 5; *People v Trippoda*, 40 AD2d 388). The People, with commendable candor, concede that a reversal of the burglary conviction, and a dismissal of that count, is mandated on these two grounds. In view of the fact that the burglary conviction has been reversed, there remain only the two misdemeanor convictions, on each of which defendant was sentenced to 90 days or a fine of $1,000. In view of the specific language of section 80.15 of the Penal Law, which provides that "Where a person is convicted of two or more offenses committed through a single act or omission * * * and the court imposes a sentence of imprisonment or a fine or both for one of the offenses, a fine shall not be imposed for the other", it is clear that the sentences imposed on the misdemeanor counts cannot stand (see *People v Rudd*, 41 AD2d 875). Accordingly, the case has been remanded for resentencing on the misdemeanor counts. The other errors committed at trial, in view of the overwhelming evidence of guilt on the misdemeanor counts were harmless (see *People v Crimmins*, 36 NY2d 230, 241-242). The court's charge on reasonable doubt, though imperfect, was adequate to convey the proper standard of proof. Similarly, the prosecutor's comments on summation were in part responsive to defense counsel's summation, and to the extent that the prosecutor's comments went beyond the permitted scope of summation, the error was not prejudicial. The defendant's contention that he was deprived of his Sixth Amendment rights to be tried by a jury representing a fair cross section of the community pales in view of the actual composition of the jury, which contained four women (33⅓%). Although the failure to afford a hearing on this issue, upon a proper challenge, pursuant to CPL 270.10, may, under certain circumstances, constitute prejudicial error (see *People v Prim*, 47 AD2d 409), the failure to afford a hearing in this case is deemed harmless in view of the actual result, which prima facie satisified constitutional requirements. Martuscello, J. P., Margett, Suozzi and O'Connor, JJ., concur.