■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SULLIVAN, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of murder in the second degree for the gangland execution-style shotgun slaying of John Fiorino. Defendant contends that the court committed reversible error when it permitted Louis Di Guilio to testify, over objection, as to statements made by alleged coconspirators, Thomas Taylor and Thomas Torpey. Although conspiracy was not charged in the indictment, Di Guilio had pleaded guilty to conspiracy to commit murder and received a reduced sentence in exchange for his testimony against defendant. Torpey and Taylor were charged in a separate indictment with complicity in the Fiorino slaying. Proof of conspiracy in this record without resort to the veracity of statements made by the coconspirators is overwhelming. Taylor and Torpey, even though not so charged in this indictment, were coconspirators. Thus, their declarations made to defendant during the course of and in furtherance of the conspiracy were admissible against defendant as an exception to the hearsay rule (see *People v Sanders,* 56 NY2d 51, 61; *People v Berkowitz,* 50 NY2d 333, 341; *People v Salko,* 47 NY2d 230, 237-238). ¶ The court did not err when it admitted into evidence a loaded shotgun which was not used in the commission of the crime but was in defendant's possession at the time of his arrest. Defendant claims this constituted evidence of an uncharged crime. The People justify its admission on the basis of the identity exception to the general rule against evidence of prior uncharged crimes (see *People v Molineux,* 168 NY 264, 293). The admission of this weapon, which was so similar to the weapon used in connection with the homicide, was prejudicial. However, on the facts of this case, its prejudicial impact was clearly outweighed by its probative value in establishing defendant's identity as the killer. Defendant's identity as the person who committed the shooting was a highly disputed issue at trial. Identity of the person charged with the commission of the crime on trial is one of the well-established *Molineux* exceptions. Standing alone, the shotgun might not have established identity. However, when considered together with the other items seized (shotgun shells of the same make and manufacture as the shells used in the homicide, the jacket with the hole in the pocket for concealment, the bullet-proof vest with one hole in it, and the stolen license plates), it was relevant for the jury to consider it in connection with whether *modus operandi* could establish the identity exception of the *Molineux* rule. We find that these items were sufficiently unique,

under the circumstances of this case, to permit receipt into evidence of this otherwise prejudicial exhibit (cf. *People v Beam*, 57 NY2d 241, 250; *People v Allweiss*, 48 NY2d 40; *People v Young*, 99 AD2d 373). (Appeal from judgment of Monroe County Court, Bergin, J. — murder, second degree.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Moule, JJ.