■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MARTIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Scholnick, J.), rendered November 1, 1982, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The sole issue for review on this appeal is whether certain remarks made by the prosecutor in his summation were prejudicial and deprived defendant of a fair trial. Among the objections to the summation is that the prosecutor, in effect, argued that in order to believe defendant, who testified in his own behalf, one would have to believe that the complainants had lied, and also that the arresting officers not only lied, but were also thieves. We agree with defendant that some of the remarks were inappropriate and unnecessary, and certainly would have been better left unsaid. We do not find, however, that these remarks, in the context of this case, require reversal. Many of the prosecutor's comments concerning defendant's credibility were arguably responsive to that portion of defense counsel's summation which suggested that one of the complainants was trying to "do away with" defendant, whom he viewed as a competitor in some kind of gambling operation. They were also responsive to defense counsel's suggestion that the arresting officers were dishonest, did not return all of defendant's money to him, and that the jury should not be surprised or shocked, because "[t]hat's the way life is" (*see, People v Davila,* 59 AD2d 536).

In any event, the verdict reached by the jury clearly indicates that defendant suffered no prejudice as a result of any of the prosecutor's remarks. The jury acquitted defendant of four counts of robbery in the first degree, and convicted him only of criminal possession of a weapon in the third degree, the possession of which defendant specifically admitted in his testimony. The jury, therefore, rejected the arguments expounded by the prosecutor and adopted defense counsel's argument that "[the defendant is] not guilty of [the robberies]

and all he is guilty of is possession of a gun". Thus, defendant was not deprived of a fair trial as a result of any comments made during the People's summation, and reversal of the conviction is not warranted (*see, People v Galloway,* 54 NY2d 396). Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.