■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHI ELLIOTT, Appellant.—Judgment unanimously affirmed. Memorandum: The statements made by the codefendant were admissible against defendant because the proof established that they were partners in the crime of promoting prostitution and that the statements were made by the codefendant during the commission of the crime and in furtherance thereof *(see, People v Salko,* 47 NY2d 230, 237, *rearg denied and mot to amend remittitur granted* 47 NY2d 1010; *People v Luciano,* 277 NY 348, 358, *rearg denied* 278 NY 624, *cert denied* 305 US 620). It was not necessary that the indictment charge the crime of conspiracy *(People v Luciano, supra).* Under the circumstances of this case, these statements did not violate the Confrontation Clause of the Sixth Amendment to the US Constitution *(see, Dutton v Evans,* 400 US 74, 86-90; *People v Salko, supra,* at 241; *People v H.,* 113 Misc 2d 611, 616). The *Bruton* rule has no application here, because in *Bruton (Bruton v United States,* 391 US 123) there was not before the court " 'any recognized exception to the hearsay rule' " *(Dutton v Evans, supra,* at 86).

We have examined the other issues raised by defendant and we find them to be without merit. (Appeal from judgment of Monroe County Court, Egan, J.—promoting prostitution, second degree, and another charge.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.