■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY JAMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 30, 1987, convicting him of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in refusing to suppress his postarrest statements. We disagree. It is well established that great weight must be accorded to the determination of the hearing court based on its ability to assess the credibility of witnesses and its findings should not be disturbed unless clearly erroneous *(see, People v Prochilo,* 41 NY2d 759; *People v Gee,* 104 AD2d 561). The hearing testimony clearly established that the defendant was advised of his *Miranda* rights and that he voluntarily gave a statement to police within hours following his arrest. In light of the facts that two police officers testified that the defendant was in no way mistreated and that he voluntarily confessed after his codefendant told him to "Tell them the truth", the fact that the defendant admittedly never complained of any physical abuse until trial, that he admittedly never sought medical treatment, and that a photograph taken of the defendant following his arrest failed to show any injury, the court properly concluded that the confession was voluntary. This conclusion is not affected by the fact that the arresting officer falsely told the defendant that one of his confederates had accused him of being the shooter since this statement was not accompanied by any promise or false threat *(see, People v Tarsia,* 50 NY2d 1).

We also reject the defendant's argument that he was denied his constitutional right to a fair trial by virtue of the ineffectiveness of counsel. The record reveals that trial counsel proceeded as effectively as possible in light of the confession

and the unequivocal testimony of the primary witness, the defendant's aunt, who testified that she saw the defendant and three confederates standing over the victim's body in the elevator immediately after hearing two shots. The defendant's attorney successfully informed the jury that this witness had been hospitalized for mental illness; that she had a history of alcoholism; that her children had been taken from her earlier; and that she was under a physician's care which required her to consume potent medication. The defendant's claim on appeal that his attorney should have been more vigorous in his cross-examination of this witness is belied by the record as is his claim with the benefit of hindsight that his trial counsel should have called an expert witness. Upon our review of the record we are satisfied that the defendant received meaningful representation and was not denied a fair trial (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137; People v Aiken, 45 NY2d 394).

Finally, with respect to the defendant's claims of prejudice resulting from the prosecutorial summation, we find that the issues of the propriety of the comments complained of are either unpreserved for appellate review or that the comments were responsive to defense counsel's summation and constituted a fair comment upon the evidence (see, People v Ashwal, 39 NY2d 105; People v Koleskor, 131 AD2d 879, lv denied 70 NY2d 801; People v Martin, 112 AD2d 387, lv denied 66 NY2d 920). Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.