■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIFARU SIMONE-TAYLOR, III, Appellant.—Judgment unanimously affirmed. Memorandum: From our review of the record, we conclude that the evidence adduced at trial was legally sufficient to convict defendant and that the People met their burden of proving beyond a reasonable doubt all elements of the crimes of kidnapping in the first degree and promoting prostitution in the third degree. Defendant was convicted of three counts of kidnapping in the first degree under three different subdivisions of the statute, viz., abducting another person and restraining that person for a period of more than 12 hours with intent to: (a) inflict personal injury upon such person or violate or abuse such person sexually; (b) advance the commission of a felony; and (c) terrorize such person (Penal Law § 135.25 [2] [a], [b], [c]). The testimony of the victim clearly established that, although she initially went to defendant's home voluntarily, she was thereafter restrained and forced to remain there by means of threats and fear of physical violence for a period of one week, during which she was raped on a number of occasions, forced to commit oral sex and solicited to work as a prostitute for defendant. This testimony was fully supported by the testimony of codefendant Tammy Taylor as well as that of several other witnesses.

The testimony with respect to the promoting prostitution charges was likewise legally sufficient to convict. These charges relate to defendant's solicitation of two 17-year-old girls to work for him as prostitutes. Even though each of these

young women refused to do so, the jury found that defendant was guilty of promoting prostitution based upon his solicitation of them. A person is guilty of promoting prostitution in the third degree when he knowingly "[a]dvances or profits from prostitution of a person less than nineteen years old" (Penal Law § 230.25 [2]). The statutory definition of the term "advances prostitution" (Penal Law § 230.15 [1]) encompasses defendant's conduct in engaging in conduct "designed to institute, aid or facilitate an act or enterprise of prostitution." Moreover, we conclude that on this record the court did not err in failing to instruct the jury as to the lesser included offense of attempted promoting prostitution in the third degree.

Defendant was not deprived of a fair trial on any of the numerous claims raised on this appeal. The statements made by codefendant Tammy Taylor "were admissible against defendant because the proof established that they were partners in the crime of promoting prostitution and that the statements were made by the codefendant during the commission of the crime and in furtherance thereof" (People v Elliott, 142 AD2d 976). This rule applies even though the crime of conspiracy was not charged in the indictment (People v Luciano, 277 NY 348, 358, cert denied 305 US 620; People v Elliott, supra; People v Sullivan, 103 AD2d 1035). (Appeal from judgment of Supreme Court, Monroe County, Houston, J., at trial; Kennedy, J., at Huntley hearing—kidnapping, first degree, and other charges.) Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.