■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE WASHINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered April 27, 1987, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond reasonable doubt. Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

There is no merit to the defendant's specific contention that there was no forcible stealing because the life of one of the store assistants was threatened with the use of physical force only after the store assistant tried to prevent the defendant from leaving the store with two bottles of beer. The evidence clearly shows that the threat of the use of physical force occurred during the course of the larceny and for the purpose of "[p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking" *(see,* Penal Law § 160.00 [1]; *see, People v Dekle,* 83 AD2d 522, *affd* 56 NY2d 835; *People v Lockwood,* 137 AD2d 721, *lv denied* 71 NY2d 1029).

Equally unavailing is the defendant's contention that the evidence did not show that he acted in concert with the codefendant David Rivera, who had threatened one of the store assistants. Testimony was elicited that both the defendant and Rivera had entered the store together and they had both taken beers from the refrigerator. They whispered to each other before the defendant went to the refrigerator and took two quarts of beer. Thereafter, Rivera held the store door open to prevent the cashier from locking the defendant inside. When one of the store assistants attempted to physically stop the defendant from leaving the store, Rivera threatened to shoot the assistant. The defendant then gave one of his beer bottles to Rivera and together they fled from the scene. Thus, we find that there was sufficient evidence upon which the jury could determine that the defendant and Rivera were acting in concert with each other with regard to the robbery.

The defendant's challenges with respect to the trial court's charge and the prosecutor's summation are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951) or without merit *(see, People v Singleton,* 121 AD2d 752, *lv denied* 68 NY2d 918; *People v Oakley,* 114 AD2d 473, *lv denied* 66 NY2d 921). Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.