■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BURS, Also Known as PAUL BURST, Appellant.—Judgment unanimously affirmed. Memorandum: In this appeal from a conviction of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends, *inter alia,* that the suppression court erred in holding that his photograph was not obtained in violation of his constitutional rights. We find support in the record for the court's determination. There was a clear conflict in the testimony at the suppression hearing with respect to this issue. Several police officers testified that defendant voluntarily accompanied them to the police station where he voluntarily consented to have his photograph taken. This version of the facts was corroborated by defendant's girlfriend, who was taken to the station at defendant's request. Defendant, on the other hand, testified that he was forcibly taken to the station and that he consented to having his photograph taken only after he was threatened by the police. On review, we must afford great weight to the determination of the suppression court with its particular advantage of having seen and heard the witnesses, and its findings should not be disturbed unless unsupported by the record *(see, People v Prochilo,* 41 NY2d 759, 761; *People v James,* 146 AD2d 712, *lv denied* 73 NY2d 1016). We further find that the photo array shown to the victim was not unduly suggestive nor did it taint the victim's in-court identification of defendant. We have reviewed the other issues raised on appeal and find them to be without merit. (Appeal from judgment of Erie County Court, Dillon, J.—robbery, first degree.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.