◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY SAUNDERS, Appellant.—Judgment, Supreme Court, New York County (Franklin R. Weissberg, J.), rendered May 3, 1988, which convicted defendant, after a jury trial, of attempted robbery in the second degree and sentenced him to an indeterminate term of from 1½ to 4½ years' imprisonment, is unanimously affirmed.

Defendant, after entering the complainant's taxicab and having been driven to a location on St. Nicholas Avenue, grabbed the complainant in a chokehold and demanded money, whereupon the complainant lost control of the taxicab and crashed into a parked car. Defendant testified at trial that three strangers had attempted to rob both the driver and himself. A bystander, called as defendant's witness, supported this version of the event.

Found guilty of attempted robbery in the second degree, defendant now argues that the People's failure to preserve the taxicab "rate card" or "trip sheet", a log indicating the point of origin, destination and fare, was a *Rosario* violation *(People v Rosario,* 9 NY2d 286). This log was apparently taken for safekeeping by a police officer and released to the owner of the cab. The People subpoenaed the rate card for the trial, but were advised that it could not be located.

At trial, defendant sought a mistrial and an adverse inference charge on a lost evidence theory, citing *People v Kelly* (62 NY2d 516). The argument that the rate card constituted *Rosario* material was not made and is unpreserved for review. In any event, the trip sheet was not a statement made at the direction of a law enforcement official, nor was it ever in the possession or control of the prosecutor. *(See,* CPL 240.45 [1] [a].) Further, it has been held that statements created by the complainant of his own accord are not *Rosario* material. *(People v Reedy,* 70 NY2d 826.) Moreover, defendant was

permitted to recall the arresting officer to bring out the information in issue—i.e.—the destination requested by defendant, and counsel, in summation, commented extensively on the People's responsibility for the failure to produce the trip sheet and such failure's impact on the defense. For these reasons, the trial court properly charged that no adverse inference could be drawn from the People's failure to produce the trip sheet *(see, People v Haupt,* 71 NY2d 929, 931).

We have reviewed the record and find that the jury's verdict was both legally sufficient and supported by the weight of the evidence. Concur—Kupferman, J. P., Ross, Milonas, Asch and Ellerin, JJ.