■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULES STANLEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered June 22, 1984, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On March 28, 1983, at about 11 o'clock in the evening, the defendant, the victim, and Brian Brogdon, were walking in the vicinity of Fourth Avenue and Third Street in Mount Vernon. The defendant and Brogdon were arguing about $150 that Brogdon allegedly owed the defendant's brother. When the victim interjected on Brogdon's behalf, the defendant pulled out a gun and shot him.

Viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant claims that it was error for the trial court to receive into evidence the preliminary hearing testimony of Brogdon, who died prior to trial. We disagree. Although the defendant had been charged only with attempted murder at the time of the felony hearing, the hearing delved into substantially the same subject matter as did the subsequent murder trial (see, People v Arroyo, 54 NY2d 567, 575, cert denied 456 US 979) and a review of the record reveals that the defendant was afforded ample opportunity to cross-examine Brogdon at the hearing (see, People v Arroyo, supra, at 574-575; People v Ayala, 142 AD2d 147, affd 75 NY2d 422; People v Claudio, 130 AD2d 759). We also note that this evidence "became part of the record of the trial on a footing * * * equal to that accorded testimony given directly at trial for the first time" (People v Arroyo, supra, at 578). Thus, contrary to the defendant's assertion, both direct and circumstantial evidence established his culpability and therefore the "moral certainty" legal standard was inappropriate (see, People v Barnes, 50 NY2d 375, 380).

We note that the defendant's claims of prosecutorial misconduct with respect to the prosecutor's summation are either unpreserved for appellate review (see, CPL 470.05 [2]), or the

prosecutor's comments were proper references to matters within the four corners of the evidence *(see, People v Ashwal,* 39 NY2d 105, 109), or in light of the defense counsel's comments *(see, People v James,* 146 AD2d 712).

The sentence imposed upon the defendant is neither unduly harsh nor excessive under the circumstances presented *(see, People v Suitte,* 90 AD2d 80).

In his supplemental *pro se* brief, the defendant argues that he was subjected to double jeopardy when he was retried after his first trial ended in a mistrial. However, since the mistrial occurred on the defendant's own motion, retrial was not barred *(see, People v Catten,* 69 NY2d 547; *People v Barreto,* 149 AD2d 428).

Contrary to the defendant's *pro se* claim, he was not denied his right to be present during a material part of the trial when the jury was furnished with the transcript of Brogdon's testimony pursuant to their request without the court reconvening *(see,* CPL 310.20 [1]; *cf., People v Cain,* 76 NY2d 119; *People v Mehmedi,* 69 NY2d 759). The prosecutor and defense counsel had stipulated on the record that the clerk could turn over to the jury any requested exhibits without the court reconvening. Mangano, P. J., Rubin, Rosenblatt and Miller, JJ., concur.