■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASHEER HAMEED, Also Known as JAMES DIXON YORK, and ABDUL MAJID, Also Known as ANTHONY LABORDE, Appellants. —Appeal by the defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Gallagher, J.), both rendered July 2, 1986, convicting each of them of murder in the second degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendants, citing *Batson v Kentucky* (476 US 79), contend that they were deprived of their right to a fair trial

because the prosecution used its peremptory challenges to excuse many of the black jurors on the venire. We disagree. The prosecutor expressed race neutral explanations for his challenges to the potential black jurors. The defendants' primary objection was that the prosecutor was systematically challenging *young* black jurors. It is not improper to challenge jurors on the basis of age *(see, People v Bridget,* 139 AD2d 587).

We further find no error in the court's admission into evidence, *inter alia,* of two nine millimeter Browning semi-automatic pistols which had been specially loaded with 14 rounds of ammunition when the magazine for this weapon normally holds only 13 rounds. These items were seized from the defendants upon their arrests. The two nine millimeter Browning semi-automatic pistols were of the same make and model as the murder weapons, and there is evidence that the murder weapons were similarly loaded with 14 rounds of ammunition.

It is well established that evidence of uncharged crimes is inadmissible if the sole purpose is to show a predisposition to commit the crime charged *(see, People v Alvino,* 71 NY2d 233; *People v Allweiss,* 48 NY2d 40). However, evidence otherwise relevant to prove a material fact is not rendered inadmissible merely because it reveals that the defendant has committed another crime. Evidence of previous uncharged crimes may be found relevant to prove, *inter alia,* motive, intent, the absence of mistake or accident, or identity *(see, People v Molineux,* 168 NY 264; *People v Donaldson,* 138 AD2d 730). When it is established that the evidence of uncharged crimes is relevant, the court must weigh the probative value against the potential prejudicial effect and, where the probative value outweighs the prejudice which might accrue, the evidence should be admitted *(see, People v Satiro,* 72 NY2d 821; *People v Alvino, supra; see also, People v Hudy,* 73 NY2d 40; *People v Sims,* 110 AD2d 214). If the defendant's identity is an issue and the defense is mistaken identity, evidence of prior uncharged crimes is relevant if it assists in establishing identity *(see, People v Robinson,* 68 NY2d 541; *People v Beam,* 57 NY2d 241, 250; *People v Escobar,* 131 AD2d 500; *People v Sullivan,* 103 AD2d 1035).

We find that the probative value of the evidence of uncharged crimes herein greatly outweighed any prejudicial impact. The evidence was highly probative on the issue of identity and a unique modus operandi. It was also relevant to show a pattern of activity by the defendants, proving that

they acted in concert to shoot the victim *(see, People v Jackson,* 39 NY2d 64, 68; *People v Witherspoon,* 156 AD2d 306, *affd* 77 NY2d 95; *People v Parsons,* 150 AD2d 614). We further note that the court gave an expansive limiting instruction with respect to this evidence.

The defendants' claims of prosecutorial misconduct with respect to the prosecutor's summation are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Tardbania,* 72 NY2d 852; *People v Nuccie,* 57 NY2d 818; *People v Medina,* 53 NY2d 951; *People v Turner,* 141 AD2d 878; *People v Koleskor,* 131 AD2d 879; *People v Simmons,* 112 AD2d 173), or concern proper references to matters within the four corners of the evidence *(see, People v Ashwal,* 39 NY2d 105, 109), or involve statements which were responsive to the provocative and argumentative comments of the defense counsel *(see, People v Galloway,* 54 NY2d 396; *People v Marks,* 6 NY2d 67, *cert denied* 362 US 912; *People v Stanley,* 163 AD2d 435; *People v James,* 146 AD2d 712; *People v Martin,* 112 AD2d 387).

The defendants further contend that they were denied the right to be present at a material stage of their trial. We find otherwise. Although a defendant has a fundamental right to be present where his or her presence bears a substantial relationship to the ability to defend *(see, People v Cain,* 76 NY2d 119; *People v Mehmedi,* 69 NY2d 759), we find no violation of that mandate here. Prior to deliberations, one juror asked whether he would be able to attend religious services and, outside the hearing of the defense, the court answered that accommodations would be made for religious observances. No objection was raised. The following day, the court told defense counsel that it had discussed the necessity of sequestration and the ability of the jury to attend religious services with the foreperson of the jury. A defendant's presence is not mandated when the contact between the court and the jury relates to purely ministerial matters *(see, People v Morales,* 163 AD2d 332; *cf., People v Ortega,* 78 NY2d 1101). The subject matter of the colloquy here did not involve a material stage of the defendants' trial or impair the defendants' ability to defend against the charges against them. Therefore, reversal is not warranted on this ground.

Accordingly, the judgments are affirmed. Kunzeman, J. P., Sullivan, Eiber and Ritter, JJ., concur.