■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR TORRES, Appellant.—Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered December 4, 1987, convicting defendant, after a jury trial of burglary in the first degree, attempted robbery in the first degree, attempted robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal impersonation in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 11 to 22 years, 7½ to 15 years, 3½ to 7 years, 7½ to 15 years, 3½ to 7 years, and 2 to 4 years, respectively, unanimously affirmed.

There is no merit to defendant's contention that the post-arrest statement he gave to detectives at the precinct should have been suppressed. Giving the findings of the hearing court the great weight to which they are entitled *(People v James,* 146 AD2d 712, *lv denied* 73 NY2d 1016), we reject defendant's assertions that the police promised him that he would be allowed to leave the country, and deprived him of food, drink, and sleep. Nor did the police ruse of telling defendant that his

accomplice had accused him of organizing the robbery create a substantial risk of false incrimination *(supra;* CPL 60.45 [2] [b] [i]).

Defendant's *pro se* claim on appeal that the prosecutor failed to turn over *Rosario* material, consisting of a detective's notes of an interview with the accomplice, is unpreserved for review as a matter of law *(People v Saunders,* 160 AD2d 392, *lv denied* 76 NY2d 796). At trial, counsel only expressed a concern that the detective had confused statements given by the accomplice with statements given by defendant. Counsel neither raised a *Rosario* claim, nor put the court on notice of undisclosed *Rosario* material.

Several of defendant's remaining contentions are unreviewable because of defendant's failure to make a factual record *(People v Hentley,* 155 AD2d 392, *lv denied* 75 NY2d 919), and all are without merit. Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.