■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LITTLE, Appellant. [627 NYS2d 416] —Appeal by the

defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 28, 1993, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The trial court committed reversible error when it failed to instruct the jury, as requested by the defendant, to draw no inference from the defendant's failure to testify (see, CPL 300.10 [2]; *People v Britt,* 43 NY2d 111; *People v Wilson,* 156 AD2d 743; *People v Jones,* 152 AD2d 707; *People v Cintron,* 89 AD2d 590). Although the defendant did not preserve this issue by objecting to the omission (see, *People v Debroux,* 133 AD2d 231; *People v Hall,* 124 AD2d 336), we reach the issue in the interest of justice since the evidence of the defendant's guilt was not overwhelming.

We note that the trial court erred in allowing Officer Cute to testify on re-direct examination that he had previously arrested the defendant for possession of cocaine at the same location. In cross-examining Officer Cute, the defense counsel had merely sought to determine the basis for Cute's testimony that the defendant had been living in the house in question during 1992. Officer Cute responded that he saw the defendant in the house on May 7, 1992, when he executed a search warrant. Contrary to the conclusion of the trial court, this did not open the door to Officer Cute's testimony that on May 7, 1992, he arrested the defendant for possession of cocaine since that was beyond the subject matter of the cross-examination about Officer Cute's knowledge of the defendant (cf., *People v Peoples,* 143 AD2d 780). The trial court, therefore, erred in allowing Officer Cute's testimony about the defendant's prior narcotics arrest (see, *People v Crandall,* 67 NY2d 111).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.