THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. WESLEY, Appellant. [889 NYS2d 467]—

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Mastro, Angiolillo and Eng, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. KHALIL ABDUL-AZIZ, Formerly Known as ROBERT COLLINS, Appellant, v LUIS R. MARSHALL, Respondent. [889 NYS2d 482]—

"A writ of habeas corpus may not be used for review of issues that have been, or could have been, reviewed on direct appeal or by a postjudgment motion addressed to the court in which an underlying judgment of conviction was rendered" (*People ex rel. Dushain v Ercole*, 64 AD3d 669 [2009]; *see People ex rel. Barnes v Fischer*, 303 AD2d 526 [2003]). "Further, where, as here, a petitioner presents no fundamental constitutional or statutory claim that was not already reviewed on direct appeal or on his CPL 440.10 motion and would warrant departure from traditional, orderly process, the petition is procedurally barred" (*People ex rel. Almeyda v Schultz*, 18 AD3d 582, 582-583 [2005] [internal quotation marks omitted]). Therefore, the Supreme Court properly denied the petition and dismissed the proceeding without conducting a hearing. Dillon, J.P., Florio, Miller and Angiolillo, JJ., concur.