The People of the State of New York, Respondent, v Darrell Cordes, Appellant. [897 NYS2d 479]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered July 3, 2007, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant was charged with, as relevant here, robbery in the first degree. At trial, the alleged victim testified that after the defendant surreptitiously removed her pocketbook from her unlocked vehicle and she demanded its return, he simultaneously began to unzip his jacket while threatening to stab her to death. The victim testified she never saw a weapon in the defendant's possession although she believed he was reaching for a knife and the defendant fled when she screamed. The next day, she identified the defendant in a lineup and this identification testimony was the only evidence that linked the defendant to the crime at the trial where the defendant was convicted of robbery in the first degree.

The hearing court properly declined to suppress lineup identification evidence since "the defendant's physical characteristics were sufficiently similar to the other participants in the lineup as to negate any likelihood that the defendant would be singled out for identification" (People v Jean-Baptiste, 57 AD3d 566, 567 [2008]; see People v Peterkin, 27 AD3d 666, 667 [2006]) and his attire "was not so unduly suggestive of his identity as to create a substantial likelihood of irreparable misidentification because there is no evidence that [his] clothing figured prominently in the complainant's description of the perpetrator" (People v Torres, 309 AD2d 823, 824 [2003]; see People v Jean-Baptiste, 57 AD3d at 567).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree when considered in light of the trial

court's charge as given without exception (*see People v Sala*, 95 NY2d 254, 260 [2000]). There was "legally sufficient evidence to establish that [the] defendant 'used or threatened the immediate use' of a knife in the course of the robbery, as the trial court charged" (*People v Ford*, 11 NY3d 875, 878 [2008]). Moreover, the evidence was legally sufficient to establish that the defendant threatened to use physical force for the purpose of "[p]reventing or overcoming resistance to the . . . retention [of the purse] immediately after the taking" (Penal Law § 160.00 [1]; *see People v Carr-El*, 287 AD2d 731, 732 [2001], *affd* 99 NY2d 546 [2002]; *People v Jones*, 282 AD2d 382, 382-383 [2001]; *People v Washington*, 148 AD2d 559, 560 [1989]; *People v Dekle*, 83 AD2d 522, 522 [1981], *affd* 56 NY2d 835 [1982]).

However, when the trial court instructed the jury on the charge of robbery in the first degree, it merely repeated the language in the statute (*see* Penal Law § 160.15 [3]), and it "did not use the term 'actual possession,' or in any other way convey that requirement to the jury" (*People v Ford*, 11 NY3d at 878). Accordingly, the trial court erred in failing to adequately "state the material legal principles applicable to [this] case" (CPL 300.10 [2]; *see People v Alvarez*, 96 AD2d 864, 865 [1983]; *People v Davila*, 59 AD2d 536, 537 [1977]; *accord People v Ford*, 11 NY3d at 878). Although this error was not preserved for appellate review (*see* CPL 470.05 [2]; *People v Ford*, 11 NY3d at 878; *People v LaPetina*, 34 AD3d 836, 840 [2006], *affd* 9 NY3d 854 [2007]; *cf. People v Jean-Baptiste*, 11 NY3d 539, 544 [2008]), "[w]e nevertheless reach [it] under the circumstances of this case in the exercise of our interest of justice jurisdiction" (*People v Cotterell*, 7 AD3d 807, 807 [2004]; *see People v Rosario*, 300 AD2d 512, 513 [2002]; *People v Little*, 215 AD2d 778, 779 [1995]). "[A]s the evidence of the defendant's guilt was not overwhelming, we have no occasion to apply harmless error analysis" (*People v Green*, 70 AD3d 39, 46 [2009]; *see People v Crimmins*, 36 NY2d 230, 241 [1975]). Consequently, we reverse the judgment of conviction and order a new trial (*see People v Cotterell*, 7 AD3d at 807; *see* CPL 470.20 [1]; *People v Rosario*, 300 AD2d at 513; *People v Little*, 215 AD2d at 779; *see also People v McRae*, 65 AD3d 1382, 1382 [2009]).

The defendant challenges the court's summary denial of his pretrial motion to introduce expert testimony regarding witness identification. The admissibility of the testimony of an expert witness is heavily dependent on the existence of sufficient corroborating evidence linking the defendant to the crime. At trial, no such admissible, independent proof was adduced. Under such circumstances, the court, upon retrial, should consider the rele-

vancy of expert eyewitness identification testimony (*see People v Abney*, 13 NY3d 251 [2009]).

The contentions raised in the defendant's supplemental pro se brief are unpreserved for appellate review and, in any event, are without merit. In view of the foregoing, we do not address the parties' remaining contentions. Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.