■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNETH BAZIL, Appellant, v LUIS MARSHALL, Respondent. [910 NYS2d 494]—

In a proceeding pursuant to CPLR article 70 for a writ of habeas corpus, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Adler, J.), entered May 6, 2009, which, without a hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

"A writ of habeas corpus may not be used for review of issues that have been, or could have been, reviewed on direct appeal or by a postjudgment motion addressed to the court in which an underlying judgment of conviction was rendered" (*People ex rel. Dushain v Ercole*, 64 AD3d 669 [2009]; *see People ex rel. Bedell v Ercole*, 71 AD3d 801 [2010]; *People ex rel. Burgess v Ercole*, 70 AD3d 735 [2010]; *People ex rel. Abdul-Aziz v Marshall*, 68 AD3d 902, 902 [2009]; *People ex rel. Almeyda v Schultz*, 18 AD3d 582, 582 [2005]). The petitioner argues that, because the Supreme Court included, as part of its jury instruction with respect to the count of robbery in the first degree, that "serious physical injury is death," that instruction was indistinguishable from the instruction with respect to the count of felony murder. The petitioner contends that, as such, the felony murder instruction,

while not facially unconstitutional, was unconstitutionally vague as applied to him under the circumstances of the underlying criminal prosecution. Since the petitioner claims that it was the manner in which the elements of the two counts were charged to the jury that made the two counts indistinguishable, he is, in effect, challenging a jury instruction, a challenge that could have been raised on his direct appeal from the judgment of conviction (*see People ex rel. Dushain v Ercole*, 64 AD3d at 669; *People ex rel. Barnes v Fischer*, 303 AD2d 526, 526 [2003]; *People v Bazil*, 219 AD2d 604 [1995]). Consequently, habeas corpus relief is unavailable.

Moreover, even if the petitioner were successful in his argument, the only relief available would be a new trial. Since the petitioner would not be entitled to immediate release from prison, habeas corpus relief does not lie for this reason as well (*see People ex rel. Douglas v Vincent*, 50 NY2d 901, 903 [1980]; *People ex rel. Hall v Rock*, 71 AD3d 1303, 1304 [2010]; *People v Cordes*, 71 AD3d 912, 913 [2010]; *People ex rel. Van Steenburg v Wasser*, 69 AD3d 1135, 1136 [2010]; *People ex rel. Marsh v Miller*, 275 AD2d 822 [2000]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.