In a proceeding pursuant to CPLR article 70 for a writ of habeas corpus, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Brands, J.), dated November 7, 2011, which, without a hearing, denied the petition and dismissed the proceeding.
Ordered that the order and judgment is affirmed, without costs or disbursements.
“A writ of habeas corpus may not be used for review of issues that have been, or could have been, reviewed on direct appeal or by a postjudgment motion addressed to the court in which an underlying judgment of conviction was rendered” (People ex rel. Dushain v Ercole, 64 AD3d 669 [2009]; see People ex rel. Bedell v Ercole, 71 AD3d 801 [2010]; People ex rel. Burgess v Ercole, 70 AD3d 735 [2010]; People ex rel. Abdul-Aziz v Marshall, 68 AD3d 902 [2009]). Here, the allegations in the petition do not warrant departure from traditional orderly procedure (see People ex rel. Keitt v McMann, 18 NY2d 257, 262 [1966]). Even if any of the petitioner’s particular arguments had merit, the only relief available would be a new trial. Since the petitioner would not be entitled to immediate release from prison, habeas corpus relief does not lie for this reason as well (see People ex rel. Douglas v Vincent, 50 NY2d 901, 903 [1980]; People ex rel. Bazil v Marshall, 77 AD3d 982 [2010]; People ex rel. Hall v Rock, 71 AD3d 1303 [2010]). Mastro, J.E, Balkin, Miller and LaSalle, JJ., concur.