Fuld, J.
The defendant was convicted, after a trial in the Magistrates’ Court of the City of New York, of violations of state and municipal dwelling laws and fined $500 or, in default, 30 days in prison. Electing not to pay the fine, the defendant surrendered and began his term of imprisonment. He subsequently sued out a writ of habeas corpus in the Supreme Court, Bronx County, challenging the jurisdiction of the Magistrates’ Court. The Supreme Court sustained the writ and directed the defendant’s discharge upon the ground that the information on which he had been prosecuted was jurisdictionally defective, that the Magistrates’ Court had been without jurisdiction to try him and that its judgment of conviction was consequently void (People ex rel. Schildhaus v. Dros, 17 Misc 2d 398).
The defendant’s appeal from the judgment of conviction, taken prior to the initiation of the habeas corpus proceeding, thereafter proceeded in the Appellate Part of the Court of Special Sessions and resulted in a judgment of affirmance. This appeal is from that judgment of affirmance. The People have not taken an appeal from the order sustaining the writ of habeas corpus, although, we understand, their time to do so has not yet expired.
Until it has been set aside or reversed, the order of the Supreme Court sustaining the writ of habeas corpus constitutes a final and binding determination that the judgment of conviction of the Magistrates’ Court was “ coram non judice arid void”. (People ex rel. Tweed v. Liscomb, 60 N. Y. 559, 571; *36 see, also, Waterman v. State of New York, 2 N Y 2d 803; Nastasi v. State of New Yorh, 300 N. Y. 473; of. Mercein v. People, 25 Wend. 64, 99.) As long as that order stands, the judgment of conviction must be regarded as a nullity (see People ex rel. Battista v. Christian, 249 N. Y. 314, 321; People ex rel. Wachowicz v. Martin, 293 N. Y. 361, 365), even though the order itself may be erroneous. (See Linton v. Perry Knitting Co., 295 N. Y. 14,17; People ex rel. Bailey v. McCann, 222 App. Div. 465, 466.) In this posture of the record, the appeal taken from the judgment of conviction to the Appellate Part of Special Sessions was necessarily rendered academic and should have been so treated. (Cf. People ex rel. Stencil v. Hull, 246 N. Y. 584; Delavan v. New York, N. H. & H. R. R. Co., 216 N. Y. 359; Cohen and Karger, Powers of the New York Court of Appeals, pp. 413:15.)
Although the challenge to the jurisdiction of the Magistrates’ Court could have been raised by the defendant on appeal from the judgment of conviction (see People v. Scott, 3 N Y 2d 148), and although that might have been a more orderly and regular method of procedure, the right to invoke habeas corpus, “ the historic writ of liberty ”, “ the greatest of all writs”, is so primary and fundamental that it must take precedence over considerations of procedural orderliness and conformity. (See U. S. Const., art. I, § 9; N. Y. Const., art. I, § 4; People ex rel. Tweed v. Liscomb, 60 N. Y. 559, 566, 591, supra; People ex rel. Sabatino v. Jennings, 246 N. Y. 258, 260.)
The judgment of affirmance appealed from must, therefore, be reversed. A question is presented, however, as to the appropriate disposition to be made in view of the People’s avowed intention to appeal from the order in the habeas corpus proceeding. This circumstance requires that we reverse and remit the case to the Appellate Part of Special Sessions, with directions to withhold consideration of the appeal from the judgment of conviction pending final determination of the People’s contemplated appeal from the order sustaining the writ of habeas corpus. In the event that the habeas corpus order is affirmed, or no timely appeal taken from it, the Appellate Part will be required to dismiss the defendant’s appeal from the judgment of conviction as academic.
*37 The judgment appealed from should be reversed and the matter remitted to the Appellate Part of the Court of Special Sessions of the City of New York for further proceedings not inconsistent with this opinion.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
Judgment reversed, etc.