Scileppi, J.
Eelator appeals to this court by our permission from an order of the Appellate Division, Third Department, which unanimously affirmed a judgment of the Supreme Court, Clinton County, dismissing a writ of habeas corpus on the ground that habeas corpus is not the proper remedy.
Having been indicted for robbery in the first degree and for carrying a dangerous weapon as a felony, relator was convicted, after a jury trial, only of robbery in the first degree and sentenced. On appeal to the Appellate Division, his sentence was modified. He was denied leave to appeal to this court (Code Grim. Pro., § 520), and his petition for a writ of certiorari to the Federal Supreme Court was also denied (376 U. S. 972).
At the trial, the defendant stood mute on the question of his *261 prior convictions. The prosecution, pursuant to section 275-b * of the Code of Criminal Procedure and over defense counsel’s objection, then introduced evidence before the jury to the effect that Keitt had been previously convicted of attempted robbery in the third degree. Prior to the introduction of this proof, in an exchange with the court, the defendant unequivocally stated that he was going to take the stand in his defense. The defendant did, in fact, later testify and admitted that he had been previously convicted of attempted robbery, as well as some other crimes.
On August 28, 1964, by his attorneys, relator petitioned for a writ of habeas corpus alleging that his imprisonment was illegal because the People’s introduction before the trial jury of evidence of the attempted robbery destroyed the possibility of a fair verdict on the indictment and thus violated his constitutional guarantee of due process. In addition, it was urged that section 275-b itself is unconstitutional in that it violates due process and the privilege against self incrimination.
These alleged constitutional violations were not raised at the trial or on the appeal, rather, we are told, they first appeared in relator’s petition for certiorari.
In determining the availability of habeas corpus under the now repealed Civil Practice Act, we settled upon the rule that it would not lie if the conviction was by a court which had jurisdiction over the person of the defendant and over the crime charged, as well as the power to impose the sentence which was meted out (Matter of Hogan v. New York Supreme Ct., 295 N. Y. 92, 97). This narrow view of the grounds for habeas corpus relief represented by Hogan has over the years under *262 gone a subtle albeit steady change never clearly articulated until today. People ex rel. Colan v. La Vallee (14 N Y 2d 83, 86-87), People ex rel. Lupo v. Fay (13 N Y 2d 253, 256), People ex rel. Bartlam v. Murphy (9 N Y 2d 550, 554) and People ex rel. Vischi v. Martin (8 N Y 2d 63, 66), among others, may have been couched in terms of ‘ ‘ jurisdiction ’ ’ and ‘ ‘ void judgments ’ ’, but the use of these words was dictated more by respect for the history of habeas corpus than anything else.
Our holding today that habeas corpus is available to test a claim that the introduction of certain evidence violated both due process and the privilege against self incrimination requires us to acknowledge that habeas corpus is an appropriate proceeding to test a claim that the relator has been imprisoned after having been deprived of a fundamental constitutional or statutory right in a criminal prosecution, including, but not limited to, the right to be tried and sentenced by a court having jurisdiction over the charge and the person. For example, in Lupo (supra), the deprivation asserted by way of habeas corpus was the defendant’s constitutional right to be present at all important stages of the trial; and in Vischi (supra), of the statutory rights found in sections 471-473, 480 and 481 of the Code of Criminal Procedure.
Lest anyone be misled, we add this caveat. We have intimated that to adhere to the rigidities of traditional practice and procedure would be contrary to the spirit and purposes of the writ (see Matter of Morhous v. New York Supreme Ct., 293 N. Y. 131, 139-140). While cases may arise where the right to invoke habeas corpus may take precedence over “ procedural orderliness and conformity ” (People v. Schildhaus, 8 N Y 2d 33, 36), we are not holding that habeas corpus is either the only or the preferred means of vindicating fundamental constitutional or statutory rights (e.g., People v. Huntley, 15 N Y 2d 72, 76-77). Departure from traditional orderly proceedings, such as appeal, should be permitted only when dictated, as here, by reason of practicality and necessity. We emphasize that this is not a case where review of a mere error, allegedly committed at the trial, is sought. In such case, the writ may not be utilized as a substitute for appeal or to again review the errors already passed on in an earlier appeal.
*263 Therefore, since relator is complaining that he is being incarcerated pursuant to a judgment of conviction which contains a deprivation of a substantial constitutional right on the face of the record, and since, if the claim is substantiated, his imprisonment would be illegal, we hold that habeas corpus is the proper remedy in these circumstances.
Because this proceeding was brought under the CPLR, 7002 (subd. [a]) of which permits one “ illegally imprisoned or otherwise restrained in his liberty within the state ” (see, also, CPLR 7003, subd. La]) to institute habeas corpus proceedings, we have examined the history of the section and have concluded that the Legislature did not intend to change the instances in' which the writ was available under the now repealed Civil Practice Act. Rather, it seems to us, what the Legislature did was not to make a new habeas corpus rule, but merely recognize that we have, by the slow process of décisional accretion, made increasing use of “ one of the hallmarks of the writ * * * its great flexibility and vague scope ” (Third Preliminary Report of Advisory Committee on Practice and Procedure [N. Y. Legis. Doc., 1959, No. 17], p. 49; see Paulsen, Post-Conviction Remedies in New York, 1959 Report of N. Y. Law Rev. Comm. [N. Y. Legis. Doc., 1959, No. 66(L)], p. 453 et seq.).
Having decided that habeas corpus is avialable to relator, on the merits, in view of his conduct as set forth in the third paragraph of this opinion, we hold that he has not been deprived of any constitutional right.
The order appealed from should be affirmed.
Chief Judge Desmond and Judges Ftjld, Bueke, Beegan and Keating concur with Judge Sgilepei; Judge Van Vooehis concurs without reaching the other questions on the ground that relator is not aggrieved.
Order affirmed.

 Said section provides as follows: “ 4. The people shall not be required, nor be permitted, to refer to the prior conviction in the opening to the jury. After the commencement of the trial and before the close of the people’s ease, the court, in the absence of the jury, shall arraign the defendant on the prior conviction information. The court shall advise the defendant that he may admit the prior conviction, deny the prior conviction or stand mute. If the defendant admits the prior conviction, no proof shall be a.dduced before the jury in order to establish that element of the indictment or eount thereof. If the defendant admits the prior conviction, the court must charge the jury that the crime charged in the indictment is a felony. The court may not charge the jury as to any inferior degree of the crime, except that of an attempt to commit the crime. If the defendant denies the prior conviction or stands mute, the people must prove the prior conviction before the jury as an element of the people’s case.”