■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUTO BROKERS, INC., Appellant, et al., Defendant.—Appeal unanimously dismissed. Memorandum: An appeal by a defendant to this court as authorized by the provisions of CPL 450.10 and 450.15 may be taken only from an order or judgment of a criminal court. Defendant, Auto Brokers, Inc., purports in its notice of appeal to appeal "from each and every order and judgment issued by the court against Daniel H. Levine on the 13th day of October 1976 pursuant to a hearing conducted under the authority of Article 420 of the Criminal Procedure Law, and * * * from each and every part of that proceeding". It does not appear from the record that any judgment or order of the court was entered against said Levine on that date or on any other date. Defendant, Auto Brokers, Inc., cannot on this appeal raise an issue as to the propriety of the proceedings of October 13, 1976 because they did not culminate in any order or judgment. (Appeal from purported order of Erie County Supreme Court—collection of fine.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT F. KORTH, Appellant, v HAROLD J SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Relator is serving an indeterminate sentence up to four years imposed on October 27, 1975 following his plea of guilty for attempted criminal possession of a weapon in the third degree. On April 28, 1976 relator was granted a writ of habeas corpus upon a petition which alleged that his conviction was illegally obtained. The record at the hearing on the application reveals that relator had an appeal pending from his judgment of conviction and sentence. For that reason, the trial court dismissed the petition on July 21, 1976. Relator's subsequent request that his appeal be dismissed was granted by order dated October 12, 1976. This appeal from the dismissal of the habeas corpus petition followed. Thus, the factual posture of the case before us is different from that before the trial court because there is now no appeal pending. Such distinction does not compel a different result. Habeas corpus is not to be utilized as a substitute for an appeal absent reason of practicality or necessity *(People ex rel. Keitt v McMann,* 18 NY2d 257, 262). In this case relator elected not to pursue his appeal where the alleged error could have been reviewed. Such election does not constitute a reason of practicality or necessity to warrant the granting of habeas corpus relief *(People ex rel. Tanner v Vincent,* 44 AD2d 170, 174, affd 36 NY2d 773; *People ex rel. Davis v Smith,* 54 AD2d 1131). (Appeal from judgment of Wyoming Supreme Court—habeas corpus.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.