■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES H. LEE, Appellant, v HAROLD J. SMITH, as Superintendent of Attica, Respondent.— Judgment unanimously reversed, and matter remitted to Wyoming County Court for further proceedings, in accordance with the following memorandum: In this habeas corpus proceeding relator contends, *inter alia,* that a delay of 28 days between his arrest on August 24, 1972 and his arraignment on September 22, 1972 deprived him of his constitutional rights to due process and equal protection. Additionally, he complains that his arrest was without probable cause; that he was deprived of the benefit of counsel while detained prior to his arraignment; and that he was denied a fair trial. Upon his conviction by a jury of the crime of selling a dangerous drug, third degree, relator was sentenced in Onondaga County Court on February 13, 1973 to an indeterminate term of imprisonment with a maximum of 10 years. A notice of appeal from that judgment was duly filed. He brought his petition for a writ of habeas corpus in Wyoming County Court on October 23, 1973, and on December 11, 1973 the court properly denied the petition upon the ground that the issues raised in the petition could also be raised, in the pending appeal. "Departure from traditional orderly proceedings, such as appeal, should be permitted only when dictated * * * by reason of practicality and necessity." *(People ex rel. Keitt v McMann,* 18 NY2d 257, 262; see *People ex rel. Finney v Follette,* 37 AD2d 575; *People ex rel. Bray v Deegan,* 32 AD2d 940.) Ordinarily, then, we would affirm. Later events, however, compel a different result. While relator's appeal from his judgment of conviction has been pending for more than four years, it has not yet been perfected. Such a delay may never be condoned, but in view of relator's claim that he has been deprived of substantial constitutional rights, the delay is unconscionable. We reiterate that habeas corpus should not be employed as a substitute for appeal. Nonetheless, it is now settled that "habeas corpus is an appropriate proceeding to test a claim that relator has been imprisoned after having been deprived of a fundamental constitutional or statutory right in a criminal prosecution" *(People ex rel. Keitt v McMann, supra,* p 262). In the interests of justice and by reason of practicality and necessity, the relator should be granted an immediate hearing on the merits of his petition without regard to the pending appeal from his judgment of conviction. (Appeal from judgment of Wyoming County Court— habeas corpus.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.