## FOURTH DEPARTMENT, JUNE, 1979

## (June 1, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LARRY ADDISON, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent.—Judgment affirmed. Memorandum: The transcript having been prepared, the direct appeal can now be perfected. All concur, except Callahan, J., who dissents and votes to grant the writ, in the following memorandum.

Callahan, J. (dissenting). On this appeal from a dismissal of his writ of habeas corpus without a hearing, relator contends that he was unlawfully tried and convicted of first degree robbery and that because of an unreasonably long delay in completing the stenographic trial record for appeal, habeas corpus is the proper remedy in which to assert violations of his statutory and constitutional rights. Habeas corpus may not be utilized as a substitute for appeal to review an error allegedly committed at the trial. "Departure from traditional orderly proceedings, such as appeal, should be permitted only when dictated * * * by reason of practicality and necessity" *(People ex rel. Keitt v McMann,* 18 NY2d 257, 262). If no reason of practicality or necessity is asserted by the relator to justify review of the judgment of conviction by habeas corpus while relator's appeal from the judgment is pending, the writ should be dismissed *(People ex rel. Finney v Follette,* 37 AD2d 575; *People ex rel. Bray v Deegan,* 32 AD2d 940; *People ex rel. Blyden v Denno,* 28 AD2d 683, cert den 390 US 966). Relator is not seeking review of a mere trial error, rather he has asserted a constitutional claim which, if valid, would render his conviction invalid. "Since relator is complaining that he is being incarcerated pursuant to a judgment of conviction which contains a deprivation of a substantial constitutional right on the face of the record, and since, if the claim is substantiated, his imprisonment would be illegal * * * habeas corpus is the proper remedy in these circumstances" *(People ex rel. Keitt v McMann, supra,* p 263). In view of relator's claim that he has been deprived of his substantial constitutional rights, a delay caused by the failure to provide relator with trial record herein is unconscionable; such a delay may not be condoned *(People ex rel. Lee v Smith,* 58 AD2d 987). At defendant's first trial he was acquitted of grand larceny in the third degree (Penal Law, § 155.30, subd 5) and reckless endangerment. The jury was unable to agree upon two counts of robbery in the first degree and on the court's charge (not in the indictment) to a lesser included offense of petit larceny. A motion at the second trial that double jeopardy was a bar to the retrial was denied. Following the rendition of a partial verdict, a defendant may be retried for any count or lesser included offense upon which the jury was unable to agree (CPL 310.70, subd 2). The

defendant may not be retried upon the unresolved count or offense if a guilty verdict thereon would be inconsistent with the verdict that was actually rendered with respect to some other offense (CPL 310.70, subd 2, par [a]). The indictment charged that the defendant, on or about August 16, 1975, forcibly stole a sum of United States currency from the person of another while armed with a revolver. The two counts of robbery in the first degree and grand larceny in the third degree were under the indictment inclusory and concurrent counts (CPL 300.30, subd 4). Subdivision 5 of section 155.30 of the Penal Law defines grand larceny in the third degree as applicable when property, "regardless of its nature and value, is taken from the person" of the victim. Under the circumstances and charge in this case, defendant could not have committed robbery without committing grand larceny in the third degree (*People v Acevedo,* 40 NY2d 701). Defendant being acquitted of stealing from the person of another could not have committed the robbery, the counts being inclusory and concurrent (*People v Grier,* 37 NY2d 847; *People v Carbonell,* 40 NY2d 948). CPL 40.20 (subd 1) states that "A person may not be twice prosecuted for the same offense". Inasmuch as the offenses charged under the indictment are inclusory and concurrent, they constitute the same offense. CPL 40.20 (subd 2) states that "A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction". The grand larceny and robbery counts of the indictment represent a single act of larceny upon the person of another. Therefore, application of CPL 40.20 to the facts in this case results in a double jeopardy violation. For these reasons, I dissent and vote to reverse and grant the writ, vacate the judgment and dismiss the indictment. (Appeal from judgment of Wyoming County Court—habeas corpus.) Present —Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.