Meyer, J.
(dissenting). In People v Gonzalez (47 NY2d 606), applying the rule declared by the United States Supreme Court in Anders v California (386 US 738), we reversed and remitted to the Appellate Division for de novo consideration of the appeal because defendant had been deprived of his constitutional right to the effective assistance of counsel on his appeal to the Appellate Division. In that case leave to appeal had been granted by a Judge of our court. In this case, notwithstanding a strong prima facie indication of ineffective assistance of appellate counsel, defendant is out of court because his grievance is beyond habeas corpus relief.
For us to hold that there is no procedure whereby defendant can raise in our State courts the question whether he was denied effective assistance on his appeal is simply to shunt him into the Federal courts, where, ironically, the issue will be dealt with via Federal habeas corpus. More importantly, to do so is to denigrate the guarantee of section 6 of article I of our State Constitution that "the party accused shall be allowed to appear and defend in person and with counsel”, by confessing that New York’s courts are powerless to enforce that guarantee unless the Legislature in explicit terms permits them to do so. Since I do not agree that the role of the courts in our constitutional system of government is or should be, so feckless, I respectfully dissent. In my view, the Trial Judge was correct in concluding that a means of presenting *904 the issue exists, but since practical considerations make coram nobis a better vehicle than habeas corpus in any event, I would, the District Attorney being party to the proceeding through intervention pursuant to CPLR 7011, reverse the order of the Appellate Division, Second Department, with directions to transfer the matter to the Appellate Division, Fourth Department, for that court to consider the application under its common-law coram nobis jurisdiction or to grant petitioner permission to file a writ of error coram nobis in the County Court for the purpose, in either case, of having the factual issues involved in the claimed ineffective assistance of counsel on the appeal considered.
We have not previously been so deferential to the legislatively enacted procedural limitations when dealing with constitutional rights. Thus, in People ex rel. Klein v Krueger (25 NY2d 497, 501, 503) we noted that "constitutional limitations * * * perforce override any statutory distributions of judicial power or appealability” and that "no procedural or jurisdictional problem intervenes if only because the constitutional mandates * * * are paramount and controlling over any statutory distribution of judicial power, appealability, and reviewability.” Likewise, under constitutional compulsion and "without benefit of controlling decision, statute or rule”, we worked out appropriate procedure for holding hearings as to voluntariness of confessions (People v Huntley, 15 NY2d 72, 74). The State may define the mode for vindication of Federal constitutional rights, but if it affords none either through legislation or through our exercise of the power so emphatically recognized in Klein and Huntley, the Federal courts will.
While we have also noted the " 'great flexibility and vague scope’ ” of the writ of habeas corpus (People ex rel. Keitt v McMann, 18 NY2d 257, 263) and held that when dictated by reason of practicality and necessity the right to invoke the writ "may take precedence over 'procedural orderliness and conformity’ ” (id., at p 262, quoting from People v Schildhaus, 8 NY2d 33, 36), the real issue here is not whether habeas corpus can be used to right the constitutional wrong resulting from the ineffectiveness of appellate counsel, but whether there exists another appropriate proceeding.
Considered as a common-law matter, there is no question that coram nobis is available, indeed is the exclusive remedy, to test the question whether defendant was unconstitutionally deprived of his right to counsel (People ex rel. Sedlak v Foster, *905 299 NY 291, 294; Matter of Bojinoff v The People, 299 NY 145, 152; People v Gersewitz, 294 NY 163, 168; see Matter of Hogan v Court of Gen. Sessions, 296 NY 1, 9; Matter of Morhous v New York Supreme Ct., 293 NY 131, 136, 140), including the right to counsel on appeal (People v Lampkins, 21 NY2d 138). That CPL article 440, which incorporates coram nobis procedure, limits the constitutionality ground to whether "the judgment” was obtained in violation of defendant’s rights should not, in my view, be construed as abolishing the common-law use of that writ to determine , whether defendant was deprived of his right to the effective assistance of counsel on appeal. There are several reasons for that conclusion. First, as Justice Richard G. Denzer’s Practice Commentary to article 440 indicates, enactment of the article was intended to reduce the number of instances in which Federal review of New York judgments would be required[1] (McKinney’s Cons Laws of NY, Book 11 A, CPL 330 to 499, p 179), and nothing in any of the four sections of the article indicates that it was intended to abolish the common-law writ in situations not covered by the article (cf. People v Huntley, 15 NY2d 72, 76-77, supra; Fleury v Edwards, 14 NY2d 334, 337-338; see People v Corso, 40 NY2d 578). Second, and most important, coram nobis obviates the potential for disruption from the Special Term order to which the Appellate Division memorandum refers (see, also, People v Huntley, 15 NY2d 72, 76, supra; Matter of Morhous v New York Supreme Ct., 293 NY 131, 140, supra). This is because the writ is addressed to the court which rendered the judgment or order from which relief is sought. Where, as here, it is the Appellate Division’s order that is questioned, the application should be to that court, asking that it either entertain the writ itself or grant petitioner permission to file the writ in the trial court (Taylor v Alabama, 335 US 252, 261; see 18 Am Jur 2d 463-464, *906 Coram Nobis, § 10). Whether in the Appellate Division or the County Court, however, coram nobis makes possible a hearing on contraverted questions of fact outside the original record (Matter of Morhous v New York Supreme Ct., 293 NY 131, 140, supra; Matter of Hogan v Court of Gen. Sessions, 296 NY 1, supra; Matter of Lyons v Goldstein, 290 NY 19) and is to be preferred to the order here made by Special Term because resentencing for the purpose of allowing a further appeal will not get into the record the factual material on which the issue of ineffectiveness of appellate counsel on the prior appeal depends (cf. People v Brown, 45 NY2d 852), at least, will not do so unless the Appellate Division on such a further appeal remands for a hearing on those facts.
Provided defendant’s papers make a prima facie showing of ineffectiveness of counsel, we should, therefore, the Monroe County District Attorney being party to the proceeding, reverse with directions to transfer the proceeding to the Appellate Division, Fourth Department, for consideration by it as one for common-law coram nobis or alternatively for it to grant petitioner permission to make such an application to the County Court. There is reason enough for so doing, rather than affirming while remaining silent concerning the availability of coram nobis, in the indistinct procedural path indicated by what is set forth in this opinion and in the opinions below. While we should not reach out to decide issues not before us, we may and should on an issue such as this tell appellant not only what he may not do procedurally but also what he may, rather than drive him from pillar to post.
The pillar to post aspects of this case are suggested by the words emphasized by the Appellate Division in its quotation from People ex rel. Knox v Smith (60 AD2d 789, mot for lv to app den 43 NY2d 647), which were apparently intended to inform petitioner that he could not proceed by way of habeas corpus because that writ could not be used to review issues which could have been raised on appeal. If the suggestion is that counsel on the original appeal to the Fourth Department could have in his application for leave made to a Judge of this court raised the issue of ineffectiveness of counsel on appeal, as did the appellant in Gonzalez, there is an obvious Catch-22 involved. Gonzalez was fortunate enough to have different counsel in the two courts; Douglas had the same attorney in both courts.
Nor is that the only indication in the papers on this appeal *907 that appellate counsel on the prior appeal was ineffective. I do not suggest, as the Appellate Division (67 AD2d, at p 590) seemed to fear ("in any situation in which a claimed error has not been raised on appeal it could conceivably be argued that appellate representation was inadequate in failing to do so”) that a hearing need be held when the application sets forth no more than the magic words "ineffectiveness of counsel”. But I reject out of hand, because this court has done so emphatically in People v Emmett (25 NY 354, 356), repeated in People v Gonzalez (47 NY2d 606, 611), the makeweight suggestion that the Fourth Department’s practice (noted by its statement in People v Stubbs, 30 AD2d 932, that it, had examined "with care the entire record including the severity of the punishment”) constitutes an acceptable substitute for effective assistance of appellate counsel.[2]
Here, the central issue of the trial was whether defendant acted in self-defense. Yet the brief filed on the original appeal to the Appellate Division contained but seven pages, of which only two were devoted to legal argument, no mention of the self-defense issue being made in those seven pages. Apparently, the only points that appellate counsel could find in the record (though 10 months elapsed from assignment to the filing of the brief) were that the Trial Judge erred in charging that defendant’s statement constituted a confession and that the verdict of the jury was against the weight of the evidence, for those were the only points he raised. No mention was made of the Trial Judge’s instruction to the jury on self-defense (that "defendant seems to claim that he acted in self-defense” [emphasis supplied]), that the instruction failed to inform the jury that it was sufficient if defendant had reasonable grounds to believe he was in danger of injury from decedent and not necessary that he have been in danger in fact, that the charge was not entirely clear with respect to burden of proof on the issue of self-defense or that it failed to relate the law meaningfully to the facts. I am not concluding on the papers before us that defendant will be successful if he obtains the right to an effective appellate review. Indeed, the ultimate determination is not one we should make (People v *908 Gonzalez, 47 NY2d 606, 610, supra). Nor do I rule out the possibility that a coram nobis hearing will reveal that counsel on the Fourth Department appeal had good and sufficient reason for the omissions above noted. What I do find in the papers before us is a prima facie demonstration of ineffectiveness sufficient to require the Appellate Division, Fourth Department, after a hearing held before it or before the County Court, to pass upon the question whether defendant has been deprived of his constitutional rights.
Chief Judge Cooke and Judges Jasen, Gabrielli and Wachtler, concur; Judge Meyer dissents and votes to reverse in an opinion in which Judges Jones and Fuchsberg concur.
Order affirmed, without costs, in a memorandum.

. Since there was no appeal from the order determining the common-law writ (People v Gersewitz, 294 NY 163, supra), and the broad right of appeal later provided by subdivision 6 of section 519 of the Code of Criminal Procedure (see, also, People v Lampkins, 21 NY2d 138, supra) has been transposed in CPL 450.15 into reference to article 440 only, there would appear to be no State appeal from an order made in a present day common-law coram nobis proceeding. Certiorari to the United States Supreme Court directly from the coram nobis determination would, however, be available (Gayes v New York, 332 US 145; Canizio v New York, 327 US 82), as, of course, would Federal habeas corpus. Continuance of common-law coram nobis in cases such as the present would not, therefore, eliminate Federal review but it would certainly comport with the purpose of reducing the instances in which Federal review would be required.

. The practicality underlying Emmett and Gonzalez is underscored by the fact that the dissent on the original appeal in the instant case discussed only the points briefed by counsel and contained no indication that the self-defense point discussed below had been considered. To expect appellate courts routinely to search out new issues is simply unrealistic.