THIRD DEPARTMENT, AUGUST, 1982

(August 3, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HILLARY A. BEST, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of the Clinton Correctional Facility, Respondent. — Application, pursuant to CPLR 7002 (subd [b], par 2), for writ of habeas corpus denied, upon the ground that there is no reason to depart from traditional orderly procedure by resort to habeas corpus during pendency of a direct appeal from the judgment of conviction (*People ex rel. Keitt v McMann,* 18 NY2d 257). Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD KENNEDY, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of the Clinton Correctional Facility, Respondent. — Application, pursuant to CPLR 7002 (subd [b], par 2), for writ of habeas corpus denied, upon the ground that there is no reason to depart from traditional orderly procedure by resort to habeas corpus during pendency of a direct appeal from the judgment of conviction (*People ex rel. Keitt v McMann,* 18 NY2d 257). Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.

■ BOARD OF EDUCATION OF TRI-VALLEY CENTRAL SCHOOL DISTRICT AT GRAHAMSVILLE, Appellant, v CELOTEX CORPORATION et al., Defendants, and PERKINS & WILL, Respondent. — Motion for permission to appeal to the Court of Appeals granted, without costs. No issue of fact was considered by this court. Pursuant to CPLR 5713, this court certifies that the following question of law, decisive of the correctness of its opinion ought to be reviewed by the Court of Appeals: "Did this court err, as a matter of law, in reversing the order of Special Term and denying the motion for summary judgment?" Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.

(August 5, 1982)

■ In the Matter of JASON YY. et al., Alleged to be the Children of Mentally Ill Parents. WILLIAM R. MOON, as Commissioner of the Delaware County Department of Social Services, et al., Respondents; JOANN YY., Appellant. — Appeals from orders of the Family Court of Delaware County (Farley, J.), entered March 17, 1981 and August 13, 1981, which, *inter alia,* terminated respondent Joann YY.'s parental rights by reason of her mental illness pursuant to section 384-b (subd 4, par [c]) of the Social Services Law. Petitioner William R. Moon, Commissioner of the Delaware County Department of Social Services, commenced this proceeding to terminate the parental rights of the respondent mother by reason of her mental illness and of the respondent father by reason of his permanent neglect. Following a fact-finding hearing and by decision and order dated March 17, 1981, the Family Court terminated the parental rights of the father but agreed to hold a dispositional hearing with respect to the mother's capability to care for the children. Subsequent to the dispositional hearing, the court terminated the parental rights of the mother by decision and order dated August 13, 1981. All parties appealed from the