■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY WOLFOLK, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered June 8, 1989, convicting him of burglary in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606).

We have considered the issues raised by the defendant in his supplemental *pro se* brief and find them to be frivolous. Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GILBERTO OSORIO, Appellant, v CHARLES SCULLY, Respondent.—In a habeas corpus proceeding, the petitioner appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), entered September 21, 1989, which, upon reargument, adhered to the original determination dated June 6, 1989, which dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

Generally, claims which were or could have been reviewed on direct appeal from a judgment of conviction are not subject to review by habeas corpus *(see, People ex rel. Wise v Scully,* 163 AD2d 444; *Matter of Williams v Scully,* 135 AD2d 721; *People ex rel. Phifer v Scully,* 107 AD2d 729). Nor do the facts of this case indicate a violation of the petitioner's fundamental constitutional rights such as to warrant a departure from traditional orderly procedure *(cf., Stone v Powell,* 428 US 465; *People ex rel. Keitt v McMann,* 18 NY2d 257). Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.