■ The People of the State of New York ex rel. Joseph Benbow, Appellant, v Charles J. Scully, as Superintendent of Green Haven Correctional Facility, Respondent.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Amodeo, J.), dated August 14, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner is incarcerated pursuant to two judgments of conviction, one premised upon a jury verdict in Westchester County, and the other premised upon the petitioner's plea of guilty in Rockland County. Both judgments were affirmed on appeal. He raises a variety of arguments concerning the Rockland County judgment, all of which were or could have been raised on direct appeal. He also asserts that the West-

chester County judgment stands or falls with the Rockland County judgment because his arrest for crimes committed in Rockland County produced information that led to his arrest for the Westchester County crimes.

Although it is well settled that a habeas corpus proceeding is a procedural tool " 'of * * * great flexibility and vague scope' " *(People ex rel. Keitt v McMann,* 18 NY2d 257, 263, quoting 1959 NY Legis Doc No. 17, at 49), it is also well settled that the writ may not be used to review questions already passed upon or, absent reasons of practicality and necessity, questions that could have been raised by direct appeal or by collateral attack in the court of conviction *(see, People ex rel. Keitt v McMann, supra; see also, People ex rel. Hampton v Scully,* 166 AD2d 734; *People ex rel. Gasper v Sullivan,* 164 AD2d 926). Since the petitioner presents no constitutional or fundamental statutory claim not already reviewed which would warrant departure from traditional orderly process *(see, People ex rel. Keitt v McMann,* 18 NY2d 257, *supra),* the Supreme Court properly determined that the petitioner's application was procedurally barred. We note, moreover, that because the petitioner failed to interpose meritorious claims to all counts of both judgments, he failed to establish entitlement to immediate release *(see, People ex rel. Douglas v Vincent,* 50 NY2d 901; *People ex rel. Nalo v Sullivan,* 120 AD2d 759). Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.