■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEROY MOORE, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 70, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated June 3, 1992, as, upon the return of an order to show cause issued pursuant to CPLR 7003 (a) to, *inter alia,* inquire into the cause of his detention, dismissed the proceeding without prejudice to renew the application in Albany County.

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting leave to renew the application in Albany County; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in dismissing the proceeding on the ground of improper venue *(see,* CPLR 7002 [b]; 7004 [c]; *cf., People ex rel. Pilgrim v Scully,* 154 AD2d 412). Nevertheless,

we find that this proceeding pursuant to CPLR article 70 was properly dismissed inasmuch as the claims raised by the petitioner could have been raised either on direct appeal from the petitioner's judgment of conviction, or by way of a motion pursuant to CPL article 440 in the court of original jurisdiction, or would not have resulted in the petitioner's immediate release *(see, People ex rel. Nelson v Scully,* 119 AD2d 709; *People ex rel. Brady v Scully,* 111 AD2d 419). Furthermore, the allegations in the petition do not warrant a departure from "traditional orderly proceedings" *(People ex rel. Heath v Riley,* 171 AD2d 768; *People ex rel. Keitt v McMann,* 18 NY2d 257, 262). Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.