■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD BILBREW, Appellant, v CHARLES SCULLY, Respondent. [621 NYS2d 878] —In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Marlow, J.), entered April 13, 1993, which denied the petition.

Ordered that the order is affirmed, without costs or disbursements.

We have reviewed the record and agree with the petitioner's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel., ARTHUR B. LLOYD, Appellant, v JOHN P. KEANE, Respondent. [619 NYS2d 627] —In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (LaCava, J.), dated December 22, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Although it is well settled that a habeas corpus proceeding is a procedural tool " ' of * * * great flexibility and vague scope' " *(People ex rel. Keitt v McMann,* 18 NY2d 257, 263, quoting 1959 NY Legis Doc No. 17, at 49), it is also well settled that such a proceeding may not be used to seek review of questions already passed upon, or absent reasons of practicality and necessity, questions that could have been raised by direct appeal or by collateral attack in the court of conviction *(see, People ex rel. Keitt v McMann, supra; People ex rel. Benbow v Scully,* 189 AD2d 844). Since the petitioner presents no constitutional or fundamental statutory claim not already reviewed which would warrant departure from traditional orderly process *(see, People ex rel. Keitt v McMann, supra),* the Supreme Court properly determined that the petitioner's application was procedurally barred. Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.