■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WAYNE D. PEARSON, Appellant, v HENRY GARVIN, Respondent. [622 NYS2d 464] —In a habeas corpus proceeding, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated January 28, 1994, as denied the petition.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

Although it is well settled that a habeas corpus proceeding is a procedural tool " 'of * * * great flexibility and vague scope' " *(People ex rel. Keitt v McMann,* 18 NY2d 257, 263, quoting Third Preliminary Report of Advisory Committee on Practice and Procedure [1959 NY Legis Doc No. 17, at 49]), it is also well settled that the writ of habeas corpus may not be used to review questions already decided or, absent reasons of practicality and necessity, questions that could have been raised by direct appeal or by a collateral attack in the court of the petitioner's conviction *(see, People ex rel. Keitt v McMann, supra; People ex rel. Benbow v Scully,* 189 AD2d 844). Since the petitioner in this case presents no fundamental constitutional or statutory claim that was not already reviewed on direct appeal or on his CPL 440.10 motion and would warrant departure from traditional, orderly process *(see, People ex rel. Keitt v McMann, supra),* the Supreme Court properly determined that the petitioner's application is procedurally barred.

We have reviewed the petitioner's remaining contention and conclude that it is without merit. Miller, J. P., O'Brien, Thompson, Santucci and Joy, JJ., concur.