SECOND DEPARTMENT, MAY, 2003

(May 1, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RONALD L. KUBY et al., on Behalf of IOURII P. LITVINENKO, Petitioners, v WARDEN, BROOKLYN HOUSE OF DETENTION, Respondent. IBE TRADE CORP., Nonparty. [757 NYS2d 889] —Proceeding pursuant to CPLR 7002 (b) for a writ of habeas corpus directing the immediate release of Iourii P. Litvinenko, who is incarcerated in the Brooklyn House of Detention for contempt pursuant to an order of the Supreme Court, New York County, dated March 10, 2003, entered in an action entitled *IBE Trade Corp. v Litvinenko,* under Index No. 122268/99.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

Although it is well settled that a writ of habeas corpus may not be used to review questions that could have been raised on direct appeal (*see People ex rel. Pearson v Garvin,* 211 AD2d 690 [1995]), we conclude that the fundamental statutory claim presented by the petitioners and the circumstances of the case present an exception to the general rule (*see generally People ex rel. Keitt v McMann,* 18 NY2d 257 [1966]).

Iourii P. Litvinenko was held in civil contempt for his failure to comply with certain orders issued by the Supreme Court, New York County, in an action entitled *IBE Trade Corp. v Litvinenko.* The Supreme Court, upon determining that it was within Litvinenko's power to perform the act or duty required to purge his contempt, directed his incarceration in December 2001 (*see* Judiciary Law § 774 [1]). The court subsequently periodically reviewed Litvinenko's continued incarceration, and in March 2003, after he invoked the Fifth Amendment privilege against self-incrimination, concluded that he was no longer able to perform the required acts. By order dated March 10, 2003, the court imposed a fine of $116,000, payable to the nonparty, IBE Trade Corp., and directed his incarceration for at least two months, with the proviso that he could be

discharged before expiration of the two-month period upon payment of the fine.

Contrary to the petitioners' contention, we conclude that the sentence was permissible pursuant to Judiciary Law §§ 774 and 775. Judiciary Law § 774 permits the imposition of a prison term and a fine where the offender does not have the power to perform the act or duty required to purge his contempt (*see N.A. Dev. Co. v Jones,* 99 AD2d 238 [1984]). Judiciary Law § 775 provides that where an incarcerated offender is unable to perform the act or duty required to be performed, release is discretionary, and the court may direct the offender's discharge "upon such terms as justice requires." Moreover, we reject the contention that Litvinenko was impermissibly subjected to wholly punitive imprisonment, as the fine imposed was intended to compensate IBE Trade Corp., the injured party, and Litvinenko could obtain his release upon payment of the fine (*see generally N.A. Dev. Co. v Jones, supra*; *Wides v Wides,* 96 AD2d 592 [1983]; *see also Gompers v Buck's Stove & Range Co.,* 221 US 418 [1911]).

The petitioners' contention that the fine was impermissibly imposed without an evidentiary hearing is without merit in view of the evidence which was admitted, without objection, at a hearing held on August 9, 2002, to determine whether Litvinenko could purge his contempt. Although we agree with the petitioners that costs of $6,000 should not have been included in the fine (*see Matter of Saffra v Rockwood Park Jewish Ctr.,* 249 AD2d 480 [1998]; *Ellenberg v Brach,* 88 AD2d 899 [1982]), relief on this issue would not entitle Litvinenko to immediate release. Accordingly, the petition is denied and the proceeding is dismissed. Ritter, J.P., Altman, Krausman and Crane, JJ., concur.