■ The People of the State of New York ex rel. Angelic Constantino, Respondent, v Thomas J. Lorey, as Fulton County Sheriff and Administrator of the Fulton County Jail, et al., Appellants, et al., Respondents. [815 NYS2d 292]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered June 28, 2005 in Fulton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

On April 6, 2005, respondent Sheryda Cooper, the Commissioner of the Fulton County Department of Social Services, sought to have petitioner incarcerated for violating an order of protection issued by Family Court (Jung, J.) by failing to complete substance abuse counseling, or visit her children. At the time this violation proceeding was commenced, however, petitioner was already incarcerated in the Schenectady County Jail on unrelated charges. Indeed, this jail was listed as her address on the summons and she was in fact served there. Knowing that a hearing was scheduled for April 11, 2005, petitioner repeatedly endeavored, without success, to contact the Fulton County Family Court. Specifically, she asked jail officials to provide her with the address and telephone number for the court. No one at the jail would do so. She also asked jail officials to contact the Fulton County Family Court on her behalf or, at the very least, advise the court of her incarceration. Again, they would not do so. Rather, she was repeatedly informed by jail officials that the Fulton County Family Court knew of her incarcerated status and would issue an order to produce thereby ensuring her appearance in court on the day in question.[1]

Petitioner further sought the assistance of family in an effort to contact the Fulton County Family Court. Petitioner's mother telephoned the court on April 11, 2005 and asked what she needed to do to arrange an order to produce for her daughter. She was advised by a female employee that "there was nothing

---

1. Of note, on April 4, 2005, petitioner had been transported from the Schenectady County Jail to the Saratoga County Family Court pursuant to an order to produce issued in the context of a violation proceeding in that county.

[she] could do, that [petitioner] would have to do [it herself]."[2] When petitioner's mother explained that petitioner was unable to do so because she was in the Schenectady County Jail, the court employee merely responded, "Oh well."

Having failed in her repeated efforts to contact the Fulton County Family Court, and given that court's policy not to issue an order to produce in the absence of a written request (*see* n 2, *supra*), petitioner did not attend the scheduled hearing on the violation proceeding since she remained incarcerated. Upon her failure to appear, Family Court, among other things, found her to be in default and sentenced her to 180 days in jail for violating the prior order. Even though no evidence was offered or testimony taken, the court's written decision indicated that a fact-finding hearing in fact took place. Thereafter, petitioner commenced this proceeding pursuant to CPLR article 70 for a writ of habeas corpus. Following a hearing, Supreme Court granted the petition, vacated the default judgment and ordered petitioner's immediate release. This appeal ensued.

Under the circumstances of this case, we hold that Supreme Court did not err in granting petitioner's application for a writ of habeas corpus. As noted in *People ex rel. Keitt v McMann* (18 NY2d 257, 262 [1966]), "habeas corpus is an appropriate proceeding to test a claim that the relator has been imprisoned after having been deprived of a fundamental constitutional or statutory right" (*see People ex rel. Lobenthal v Koehler*, 129 AD2d 28, 30 [1987] [use of habeas corpus applies to cases involving a finding of civil contempt]). Moreover, as more recently noted by this Court, "due process requires that, in contempt proceedings, the contemnor be afforded 'an opportunity to be heard at a meaningful time and in a meaningful manner' " (*Matter of Mosso v Mosso*, 6 AD3d 827, 829 [2004] [citation omitted]; *see Matter of DeMarco v Raftery*, 242 AD2d 625, 626 [1997]; *People ex rel. Lobenthal v Koehler, supra*; *Hickland v Hickland*, 56 AD2d 978, 979-980 [1977]).

Here, on the April 11, 2005 return date, Family Court knew that petitioner was incarcerated in the Schenectady County Jail. Notwithstanding, it failed to issue an order to produce her. While the apparent policy of the Fulton County Family Court is that an incarcerated individual bears the burden of making a written request to be produced, this policy was not specified on the summons served on petitioner nor known to officials at the Schenectady County Jail. Moreover, petitioner, even though un-

---

**2.** It is the apparent unwritten policy of the Fulton County Family Court that an incarcerated individual will not be produced in court unless he or she makes a written request to be so produced.

aware of the policy, repeatedly attempted to have herself produced in court and failed through no fault of her own.

The failure of the Fulton County Family Court to produce petitioner, a known incarcerated person, and give her an opportunity to be heard on the violation petition before incarcerating her violated her fundamental right to due process, as well as her statutory rights under Family Ct Act § 1072, thus permitting the remedy of habeas corpus (*see People ex rel. Lobenthal v Koehler, supra*). Stated otherwise, we fully agree with Supreme Court's assessment that "[t]he administration of justice requires a fundamental fairness that was patently lacking in the proceedings resulting in petitioner's confinement" and find that the remedy of habeas corpus was "dictated . . . by reason of practicality and necessity" (*People ex rel. Keitt v McMann, supra* at 262).

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.