THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID ROSENFELD, on Behalf of RAHSAAD PETERSON, Petitioner, v MICHAEL SPOSATO et al., Respondents. [928 NYS2d 350]—

Although generally a writ of habeas corpus may not be used to review questions that could have been raised on direct appeal, the fundamental constitutional and statutory claims set forth by the petitioner and the circumstances of this case present an exception to that rule (*see People ex rel. Kuby v Warden, Brooklyn House of Detention*, 305 AD2d 339, 339 [2003]; *People ex rel. Hacker v New York State Div. of Parole*, 228 AD2d 849, 850 [1996]; *see generally People ex rel. Keitt v McMann*, 18 NY2d 257 [1966]).

In general, "a parolee has due process and statutory rights to confront adverse witnesses whose statements are offered at a

parole revocation hearing" (*People ex rel. McGee v Walters*, 62 NY2d 317, 319 [1984]). A parolee also has the right to confront such adverse witnesses at a preliminary parole revocation hearing, which the witnesses may be compelled to attend (*see* Executive Law § 259-i [3] [c] [iii]; *Morrissey v Brewer*, 408 US 471, 487 [1972]). "Although these rights embrace a strong preference for face-to-face confrontation and cross-examination, a hearing examiner may, nevertheless, upon a specific finding of good cause, permit the introduction of adverse hearsay statements without affording the parolee an opportunity to confront their declarant" (*People ex rel. McGee v Walters*, 62 NY2d at 319). However, "[a]ny determination that dispenses with the need for confrontation requires consideration of the rights' favored status, the nature of the evidence at issue, the potential utility of cross-examination in the fact-finding process, and the State's burden in being required to produce the declarant" (*id.* at 319-320).

Here, a warrant alleging a violation of parole was issued against Rahsaad Peterson (hereinafter the petitioner) based on his violation of a 7:00 P.M. to 7:00 A.M. curfew governing his release. A violation of parole report was prepared by the petitioner's own parole officer, who alleged that he personally saw the petitioner riding a bicycle at approximately 12:30 A.M. in the vicinity of Prince Street and Brookside Avenue in Freeport. This parole officer, however, did not appear at the preliminary hearing. Instead, the report was introduced with the foundation laid by a senior parole officer, who had no personal knowledge of the matters reported. The hearing officer permitted the report to be admitted under the business records exception to the hearsay rule and, based on the contents therein, found probable cause to believe that the petitioner had violated the curfew.

Under the circumstances, habeas corpus relief is proper because the petitioner's due process rights were violated when he was afforded no opportunity to cross-examine the parole officer who prepared the report and who possessed personal knowledge of the alleged violations (*id.* at 320). The petitioner's counsel specifically objected on these grounds, and the only reason proffered by the State for the parole officer's absence was that he was on vacation. Crucially, the hearing officer, although noting the objection, dispensed with the need for confrontation without undergoing the careful weighing that is required in such a case.

In determining that the report would be admitted notwithstanding the preparer's absence, the hearing officer did not

consider the general preference for confrontation, the objective or subjective nature of the contents of the report, whether cross-examination of the parole officer would aid the fact-finding process, whether the evidence was cumulative, or what burden would be placed on the State in producing the witness (*id.* at 322-323). Indeed, she made no specific finding of good cause to dispense with the production of the witness whose statements comprised the only evidence of the alleged violation. In the absence of such a specific finding, a due process violation must be presumed (*see Morrissey v Brewer*, 408 US at 486-487; *People ex rel. McGee v Walters*, 62 NY2d at 322-323). As the petitioner's detention is based upon an unconstitutional preliminary hearing, the writ must be sustained, the parole warrant vacated, and the petitioner restored to parole status (*see People ex rel. Melendez v Warden of Rikers Is. Correctional Facility*, 214 AD2d 301 [1995]). Dillon, J.P., Florio, Lott and Cohen, JJ., concur.