■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARL ALLEN, Appellant, v EVELYN MARIBEL, Respondent. [966 NYS2d 685]—

In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Rienzi, J.), dated December 8, 2011, which, without a hearing, denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

During the course of a pending criminal action against the petitioner on the charge of murder in the second degree, the petitioner commenced this proceeding pro se, seeking a writ of habeas corpus on the ground that preindictment delay in the commencement of the prosecution violated his constitutional

right to due process (*see generally People v Singer*, 44 NY2d 241 [1978]). Generally, "[h]abeas corpus does not lie to determine whether the right to a speedy trial has been denied in a pending criminal action" (*People ex rel. Harrison v Greco*, 38 NY2d 1025, 1025 [1976]; *see People ex rel. McDonald v Warden, N.Y. City House of Detention for Men*, 34 NY2d 554, 555 [1974]). Rather, the issue could be raised on the petitioner's direct appeal from any judgment of conviction rendered against him (*see People ex rel. Hunter v Buffardi*, 15 AD3d 736 [2005]; *People ex rel. Braxton v Warden*, 254 AD2d 381 [1998]). Contrary to the petitioner's contention, the circumstances of this case did not present a situation where "[d]eparture from traditional orderly proceedings, such as appeal, should be permitted . . . by reason of practicality and necessity" (*People ex rel. Keitt v McMann*, 18 NY2d 257, 262 [1966]; *see People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is.*, 63 NY2d 120, 125 [1984]; *People ex rel. Latta v Morgenthau*, 73 AD3d 593 [2010]). Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Angiolillo, J.P., Hall, Roman and Hinds-Radix, JJ., concur.