■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLIFTON GORDON, Appellant, v PHILIP D. HEATH, Respondent. [978 NYS2d 694]—

Generally, "[a] writ of habeas corpus may not be used for review of issues that have been, or could have been, reviewed on direct appeal or by a postjudgment motion addressed to the court in which an underlying judgment of conviction was rendered" (*People ex rel. Dushain v Ercole*, 64 AD3d 669, 669 [2009]; *see People ex rel. Keitt v McMann*, 18 NY2d 257, 263 [1966]; *People ex rel. Bazil v Marshall*, 77 AD3d 982, 982 [2010]). However, "cases may arise where the right to invoke habeas corpus may take precedence over 'procedural orderliness and conformity' " (*People ex rel. Keitt v McMann*, 18 NY2d at 262, quoting *People v Schildhaus*, 8 NY2d 33, 36 [1960]; *see People ex rel. Pearson v Garvin*, 211 AD2d 690, 691 [1995]). "Departure from traditional orderly proceedings, such as appeal, should be permitted only when dictated . . . by reason of practicality and necessity" (*People ex rel. Keitt v McMann*, 18 NY2d at 262; *see People v Schildhaus*, 8 NY2d at 36; *People ex rel. Rosenfeld v Sposato*, 87 AD3d 665, 665 [2011]; *People ex rel. Kuby v Warden, Brooklyn House of Detention*, 305 AD2d 339, 339 [2003]).

Here, the petitioner's contention that his sentence was not properly pronounced could have been raised on his direct appeal from the judgment of conviction (*see generally People ex rel. Bazil v Marshall*, 77 AD3d at 983). Furthermore, the circumstances of this case do not present a situation where "[d]eparture from traditional orderly proceedings, such as appeal, should be permitted . . . by reason of practicality and necessity" (*People ex rel. Keitt v McMann*, 18 NY2d at 262; *see People ex rel. Allen v Maribel*, 107 AD3d 831, 832 [2013]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Chambers, Lott and Miller, JJ., concur.