Generally, “[a] writ of habeas corpus may not be used for review of issues that have been, or could have been, reviewed on direct appeal or by a postjudgment motion addressed to the court in which an underlying judgment of conviction was rendered” (People ex rel. Dushain v Ercole, 64 AD3d 669, 669 [2009]; see People ex rel. Keitt v McMann, 18 NY2d 257, 263 [1966]; People ex rel. Bazil v Marshall, 77 AD3d 982, 982 [2010] ). However, “cases may arise where the right to invoke habeas corpus may take precedence over ‘procedural orderliness and conformity’ ” (People ex rel. Keitt v McMann, 18 NY2d at 262, quoting People v Schildhaus, 8 NY2d 33, 36 [1960]; see People ex rel. Pearson v Garvin, 211 AD2d 690, 691 [1995]). “Departure from traditional orderly proceedings, such as appeal, should be permitted only when dictated ... by reason of practicality and necessity” CPeople ex rel. Keitt v McMann, 18 NY2d at 262; see People v Schildhaus, 8 NY2d at 36; People ex rel. Rosenfeld v Sposato, 87 AD3d 665, 665 [2011]; People ex rel. Kuby v Warden, Brooklyn House of Detention, 305 AD2d 339, 339 [2003]).
Here, the petitioner’s contention that his sentence was not properly pronounced could have been raised on his direct appeal from the judgment of conviction (see generally People ex rel. Bazil v Marshall, 77 AD3d at 983). Furthermore, the circumstances of this case do not present a situation where “[departure from traditional orderly proceedings, such as appeal, should be permitted ... by reason of practicality and necessity” (People ex rel. Keitt v McMann, 18 NY2d at 262; see People ex rel. Allen v Maribel, 107 AD3d 831, 832 [2013]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Chambers, Lott and Miller, JJ., concur.