■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MASAO YONAMINE, Appellant, v WILLIAM J. CONNOLLY, Superintendent, Fishkill Correctional Facility, Respondent. [34 NYS3d 473]—

In a proceeding pursuant to CPLR article 70 for a writ of habeas corpus, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Greller, J.), dated July 7, 2015, which, without a hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

By judgment rendered July 12, 1988, the petitioner was convicted, upon a jury verdict, of murder in the second degree. He remains incarcerated pursuant to that judgment of conviction. The petitioner commenced the instant proceeding pursuant to CPLR article 70 for a writ of habeas corpus, arguing that he has been imprisoned after having been deprived of fundamental constitutional and statutory rights (*see People ex rel. Keitt v McMann*, 18 NY2d 257, 262 [1966]). Specifically, he argues that the Supreme Court committed an *O'Rama* error (*see People v O'Rama*, 78 NY2d 270 [1991]) when it read a jury note in open court in the presence of the jury and immediately responded to it without having first notified defense counsel of the contents of the note and providing him an opportunity to suggest an appropriate response outside of the presence of the jury as required by CPL 310.30 and *People v O'Rama* (78 NY2d 270 [1991]). In addition, to the extent that such a conference was held off-the-record outside of the petitioner's presence, or that the court gave the jury the requested information outside of the petitioner's presence, he contends that he was deprived

of his right to be present at all material stages of the proceedings (*see* CPL 260.20, 310.30; *People ex rel. Lupo v Fay*, 13 NY2d 253, 257 [1963]).

The petitioner's claim of an *O'Rama* error was raised on his direct appeal from the judgment of conviction (*see People v Yonamine*, 192 AD2d 687 [1993]) and, therefore, he may not seek a second review of the claimed error already passed on in an earlier appeal (*see People ex rel. Keitt v McMann*, 18 NY2d at 262). Contrary to the respondent's contention, the petitioner's claims that he was absent when the purported off-the-record conference was held and when the court gave the jury the information requested in the jury note were not raised on direct appeal or in any prior motion pursuant to CPL 440.10. However, even assuming such errors occurred, neither would have affected the " 'integrity of the fact-finding process' " or deprived the petitioner of a fair trial, and therefore he cannot collaterally attack the judgment of conviction years after his trial on the basis of these errors (*People ex rel. Rohrlich v Follette*, 20 NY2d 297, 302 [1967], quoting *Linkletter v Walker*, 381 US 618, 639 [1965]; *see People ex rel. Keitt v McMann*, 18 NY2d at 262; *People ex rel. Lupo v Fay*, 13 NY2d at 257). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.