People v Evans (2019 NY Slip Op 01092)





People v Evans


2019 NY Slip Op 01092


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-08703

[*1]The People of the State of New York, respondent,
v
Vincent M. Evans, appellant. (S.C.I. No. 1238/17)


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher J. Blira-Koessler of counsel; Kristin Rainis on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Suzanne J. Melendez, J.), imposed July 6, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY2d 257; People v Brown, 122 AD3d 133). The Supreme Court conflated the waiver of the right to appeal with the defendant's waiver of his right to a trial by pleading guilty, and failed to confirm that the defendant understood the nature of the right to appeal and the consequences of waiving it (see People v Brown, 122 AD3d at 142). Although the record of the proceedings reflects that the defendant executed a written waiver of his right to appeal, his signature does not, by itself, establish that the waiver was made knowingly, intelligently, and voluntarily (see id. at 138-139). Thus, the purported waiver does not preclude review of his excessive sentence claim (see People v Fuller, 163 AD3d 715, 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court